Jonas B. "Jube" LONG, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1237.

United States District Court
S. D. Alabama, S. D.

Feb. 28, 1957.

Vincent F. Kilborn, Mobile, Ala., for plaintiff.

Ralph Kennamer, U. S. Atty., Thomas M. Haas, Asst. U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

This cause is before the court after final hearing on plaintiff's petition for a permanent injunction restraining the defendant, its officers and agents, from enforcing a tax levy on the property and wages of the plaintiff.

### Findings of Fact

1. An assessment of taxes, penalties, and interest, in the amount of $2,529.06, has been made against the plaintiff. The basis of this assessment is plaintiff's alleged possession of or interest in non-tax-paid whiskey and distillery equipment, which possession or interest is denied by the plaintiff.

2. On January 16, 1951, plaintiff was arrested by a United States A.T.U. Investigator on a charge of unlawful possession of or interest in non-tax-paid whiskey and distillery equipment. The United States Attorney for this District declined to institute criminal prosecution of plaintiff for lack of sufficient evidence. Upon hearing the evidence offered by parties hereto, the court finds that the United States Attorney was justified in declining prosecution of plaintiff. There is no evidence to show that plaintiff had possession of or interest in the non-tax-paid whiskey and distillery equipment for which the government now seeks to tax the plaintiff.

3. Plaintiff's claim for abatement of the assessed tax has been rejected. A warrant for distraint in furtherance of the collection of the tax has issued and a levy has been placed upon the wages earned by the plaintiff, which moves on the part of defendant's officers and agents this court restrained by temporary injunction.

4. Financially, the plaintiff is totally unable to pay the tax assessed, and his entire meager resources would be insufficient to discharge the assessment.

5. Plaintiff, employed as a general maintenance and handyman, is supporting his wife and ten children. The only place he has to shelter them is the modest home which he built by his own labor. The sole apparent means of sustenance for him and his family is that which he earns as a laborer. Upon such earnings the government is now attempting to levy.

6. Since there is no evidence of plaintiff's having possession of or interest in the non-tax-paid whiskey and distillery equipment, the tax assessed against him for such possession is unwarranted in fact and in law. There is no possibility that the attempted tax levy could be held legal, for there is no evidence upon which to base it.

7. To allow defendant to collect this tax and require plaintiff to follow his administrative remedy would utterly destroy his rights and property, which destruction could not be repaired or adequately compensated for in money. It would heap such ruin upon plaintiff as to place him and his family at the mercy of public charity. This is irreparable injury for which no remedy exists, other than injunctive relief.

### Conclusions of Law

1. The conditions set forth above present a case of extraordinary circumstances sufficient to justify equitable intervention.

2. Section 3653, Title 26 U.S. C.A.,[1] prohibiting the issuance of an injunction to prevent the collection of a tax, is inapplicable where, coupled with the apparent illegality of the tax imposed, extraordinary circumstances falling under the head of equitable jurisdiction are manifest.

3. The court, in view of the extraordinary circumstances of this case, has jurisdiction to grant the permanent injunction against the collection of the tax in question.

Judgment in accordance herewith will be entered, and the temporary injunction heretofore issued will be made permanent.

---

1. Section 3653, Internal Revenue Code of 1939; Section 7421, Internal Revenue Code of 1954, 26 U.S.C.A. § 7421.