**Ruben W. INMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**C. A. No. 1913.**

United States District Court
W. D. South Carolina
Rock Hill Division.

May 30, 1957.

Chester D. Ward, Jr., Spartanburg, S. C., for plaintiff.

Joseph E. Hines, U. S. Atty., Spartanburg, S. C., Robert A. Clay, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, Chief Judge.

In compliance with Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

The plaintiff Ruben W. Inman was indicted and tried on March 10, 1952, in Rock Hill, South Carolina, for violation of 26 U.S.C.A. (I.R.C.1939) §§ 2810, 2833 and 2834, and the jury brought in a verdict of "Not Guilty" on all three counts.

26 U.S.C.A. (I.R.C.1939) § 2810, provides: "Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is, * * *", and every still or distilling apparatus not so registered shall be subject to the criminal penalties set forth therein.

26 U.S.C.A. (I.R.C.1939) § 2833, provides: "Any person who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof," shall be subject to the criminal penalties provided in that section.

26 U.S.C.A. (I.R.C.1939) § 2834, provides: "No mash, wort, or wash, fit for

distillation or for the production of spirits or alcohol, shall be made or fermented in any building or on any premises other than a distillery duly authorized according to law; and no mash, wort, or wash so made and fermented shall be sold or removed from any distillery before being distilled; and no person other than an authorized distiller, shall, by distillation, or by any other process, separate the alcoholic spirits from any fermented mash, wort, or wash; and no person shall use spirits or alcohol in manufacturing vinegar or any other article, or in any process of manufacture whatever, unless the spirits or alcohol so used shall have been produced in an authorized distillery and (except in the case of vinegar) the tax thereon paid." And, further provided that any person violating this section would be subject to the criminal penalty therein provided.

After the unsuccessful criminal prosecution of the plaintiff, the Director of Internal Revenue, Columbia, South Carolina, filed a tax assessment against the plaintiff, plus unpaid penalty and interest on the 26.96 proof gallons of alcohol in mash seized on April 6, 1951, in connection with the raid on a still found near plaintiff's property which gave rise to the above referred to criminal prosecution. This assessment appears on the October, 1951, Distilled Spirits List, page B–O, Line 3, District Director of Internal Revenue, Columbia, South Carolina. The defendant based its tax assessment upon 26 U.S.C.A. § 2800(d), which provides: "Every proprietor or possessor of, and every person in any manner interested in the use of, any still, distillery, or distilling apparatus, shall be jointly and severally liable for the taxes imposed by law on the distilled spirits produced therefrom."

On June 9, 1952, plaintiff filed a claim for abatement of this tax assessment which claim was refused on November 10, 1952. On November 8, 1955, the plaintiff paid under protest the sum of $313.67 to the defendant United States of America, representing a tax assessment plus non-payment penalty and in-

terest on the 26.96 proof gallons of alcohol mash seized on April 6, 1951, by the defendant, allegedly belonging to the plaintiff.

After complying with all administrative and jurisdictional requirements, the plaintiff brought suit under 28 U.S.C.A. § 1346(a) (1), to recover the tax, penalty and interest paid under protest.

The plaintiff testified that he had nothing to do with the alcohol, mash or still either directly or indirectly, that he had no ownership in same or any interest in the mash whatsoever. He introduced into evidence the testimony given at the previous criminal trial. This testimony tended to show that there was another path leading to the still that did not cross plaintiff's property. Plaintiff further testified that he had no knowledge of the location of the still and that there was no path leading from his property to the still, and that the still was located some one-half to three-quarters of a mile from his property. Plaintiff also produced a witness who testified that the second path was in fact there and that he was familiar with plaintiff's property and that there was no path leading from plaintiff's property to the still.

The defendant produced testimony to the effect that there was a path leading from plaintiff's property to the still; that certain fruit jars had been found in plaintiff's house which smelled of alcohol; that in several of the jars there remained small quantities of liquor; and that plaintiff had on his premises a number of gallon coca-cola bottles. The defendant produced no evidence which tended to show directly or indirectly that plaintiff had any interest in the still in question or that the plaintiff had any interest directly or indirectly in the mash found at the still upon which the tax in question had been levied.

■ A tax assessment is presumed to be valid and the burden of proof is upon the plaintiff to show by the greater weight of the evidence that he is entitled to the refund claimed.

The defendant relies entirely upon circumstantial evidence which is open

equally to the conclusion that the plaintiff had no interest directly or indirectly in the mash at issue and that the plaintiff was not the proprietor or possessor of, or a person in any manner interested in the use of the still at which the mash was fermented.

█ As stated, the defendant based its tax assessment upon the premise that plaintiff had an interest in the use of the distillery and the mash fit for distillation. This question was decided conclusively in favor of the plaintiff in the criminal proceeding. In the criminal proceeding and in this case, the United States is the party on one side and this plaintiff Ruben W. Inman the party on the other. The judgment of acquittal in the criminal proceeding ascertained that the facts which were the basis of that proceeding, and are the basis of this one, and which are made by the statutes the foundation of any punishment, personal or pecuniary, did not exist. This was ascertained once for all, between the United States and the plaintiff, in the criminal proceeding, so that the facts cannot be again litigated between them, as the basis of any statutory punishment denounced as a consequence of the existence of the facts. Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684. In the case of United States v. One De Soto Sedan, 4 Cir., 1950, 180 F.2d 583, it was pointed out that the Coffey case had never been overruled.

The defendant cites the case of Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917, but that case was one concerned with a fraudulent income tax violation, and the Supreme Court was at pains to distinguish it from the Coffey case.

The levying of a tax upon mash fit for distillation even though by way of a civil proceeding, is nevertheless inherently based upon violation of the criminal laws against the illegal distillation of mash. For that reason it is factually closer akin to the libel cases and, therefore, falls within the penumbra of the Coffey case, supra. If the plaintiff were guilty of violating criminal laws, then the Government should properly assess the tax, but if the jury finds that he is not guilty of having any interest in the distillery or in the mash, he should not then be subject to the tax assessment, though the relief be sought on the civil side of the court. See, Long v. United States, D.C., 148 F.Supp. 758.

It is, therefore, my opinion that the plaintiff Ruben W. Inman should have judgment against the United States of America for the tax, penalty and interest which he has paid, in the amount of $313.67 and

It is so ordered.