288 F.2d 504
 61-1 USTC P 9293
 Michael BOTTA, Ernest Montagni and Salvatore Santaniello, Appellants,
v.
Thomas E. SCANLON, District Director of Internal Revenue for
the District ofBrooklyn, New York, Appellee.
 No. 236, Docket 26563.
 United States Court of Appeals Second Circuit.
 Argued Jan. 12, 1961.
Decided March 6, 1961.
 
 Daniel H. Greenberg, New York City, for appellants.
 Fred E. Youngman, Department of Justice, Washington, D.C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Department of Justice, A. F. Prescott, Department of Justice, Washington, D.C.; Cornelius W. Wickersham, Jr., U.S. Atty. for the Eastern District of New York, Jon H. Hammer, Asst. U.S. Atty., Eastern District, Brooklyn, N.Y., of counsel), for appellee.
 Before CLARK, MAGRUDER and MOORE, Circuit Judges.
 LEONARD P. MOORE, Circuit Judge.
 
 
 1
 The plaintiffs, Michael Botta, Ernest Montagni and Salvatore Santaniello appeal from an order dismissing their complaint against the District Director of Internal Revenue for the District of Brooklyn, New York (the Director). In substance the complaint alleged that Thru-County Plumbing and Heating Co., Inc. (Thru-County), a New York corporation, was adjudicated a bankrupt on February 14, 1958; that Thru-County owed to Internal Revenue Service (IRS) withholding and employment taxes amounting to some $9,070.16 for which a claim had been filed by IRS in the bankruptcy proceedings; that during the period in which these taxes became payable Botta was Vice-President of Thru-County, Santaniello was Secretary, and Montagni held no office; that none of the plaintiffs 'was charged with the duty of preparing, signing and filing' withholding or employment tax returns for Thru-County or of paying said taxes; that the Director made a 100% Penalty assessment against plaintiffs and filed tax liens against them and their property; and that such action is causing 'irreparable harm and damage' for which they have no adequate remedy at law.
 
 
 2
 The relief demanded is that the penalty assessments be declared void; that the Director be enjoined from collecting such assessments and that the tax liens and notices of levy be cancelled. The Director challenges plaintiffs' right to enjoin collection and relies on Section 7421 of the Internal Revenue Code of 1954 (the Code) (26 U.S.C.A. 7421)[1] as prohibiting suits to restrain collection and argues that the exceptions therein specified are not applicable in this case.
 
 
 3
 The district court (187 F.Supp. 857) held that the 'ninety day letters' requirement did not apply to assessments under Subtitle C of the Code; that Section 7421 bars all actions to restrain collection except 'where (a) the tax assessment is an illegal exaction in the guise of a tax and (b) there are present 'special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence.' Miller v. Standard Nut Margarine Co. of Florida, 1932, 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422.' The court concluded that 'to come within this judicial exception to the statute plaintiffs must meet both of the above requirements' and that the bare allegation of 'irreparable harm' is inadequate to invoke equity jurisdiction.
 
 
 4
 This so-called 'judicial exception' apparently emanates from the Nut Margarine case, supra. However, it would be very questionable reasoning to conclude from a single case decided upon the facts therein presented that it expressed the only exception which might be required to make the injunctive statute compatible with more underlying constitutional principles. Certainly there are other and different 'special and extraordinary' circumstances than a tax imposed under an inapplicable oleomargarine statute. Thus, the injunction of the Fifth Amendment relating to deprivation of property without due process of law may well be entitled to priority consideration under appropriate circumstances. Moreover, even the collection of taxes should be exacted only from persons upon whom a tax liability is imposed by some statute.
 
 
 5
 Upon what basis is the assessment here made? The applicable sections of the Code creating the asserted liability are 6671 and 6672. Paraphrased briefly, any person (Thru-County) required to collect, but who wilfully fails to collect and pay over, a tax shall be liable to a penalty equal to the tax, to wit, 100%. Thru-County may be regarded as the primary taxpayer but it is bankrupt. However, a 'person' includes an officer or employee of a corporation who 'is under a duty to perform the act in respect of which the violation occurs' (Sections 6671(b), 6672, Code). Not every 'officer' or 'employee' of a corporation is subject to the 'penalty' but only if he be 'under a duty to perform the act,' namely, be responsible for making the deductions and payments. The assessment provisions relating to a 'tax' also refer to 'penalties.'
 
 
 6
 Against this background should be projected the case of the plaintiff Montagni who, according to the complaint, was not an officer and was not charged with any duty of preparing, signing and filing such tax returns or paying such taxes. A fair reading of the relevant sections shows an intent to impose a 'penalty.' The only 'person' liable for such penalty is the 'person required to collect, truthfully account for, or pay over any tax * * *.' As additional proof that the penalty is addressed to specific individuals, it applies solely to those who 'wilfully' fail to collect and/or pay over. Were a person in no manner obligated to collect or pay over the tax, any assessment against him or seizure of his property to pay a penalty imposed against another would scarcely seem consistent with that protection, whether it be called equity, due process or merely common sense justice, which our system of jurisprudence purportedly bestows upon our citizens.
 
 
 7
 The basis for the decision below was the injunctive bar of Section 7421. We had rather recently recognized that 'it has long been settled that this general prohibition is subject to exception in the case of an individual taxpayer against a particular collector where the tax is clearly illegal or other special circumstances of an unusual character make an appeal to equitable remedies appropriate.' National Foundry Co. of N.Y. v. Director of Int. Rev., 2 Cir., 1956, 229 F.2d 149, 151.
 
 
 8
 In Communist Party, U.S.A. v. Moysey, D.C.S.D.N.Y.1956, 141 F.Supp. 332, the trial judge in an action to restrain the collection of a tax assessed against the plaintiff therein made a comprehensive and careful analysis of the situations and categories which he classified as exceptions to the general rule, namely:'(a) Suits to enjoin collection of taxes which are not due from the plaintiff but, in fact, are due fom others. For example, Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 622, in which the Court enjoined the distraint against a bank account in the joint names of husband and wife "as tenants by the entireties" when the tax was due solely from the husband.
 
 
 9
 '(b) Cases in which plaintiff definitely showed that the taxes sought to be collected were 'probably' not validly due. For example, Midwest Haulers, Inc. v. Brady, 6 Cir., 1942, 128 F.2d 496 and John M. Hirst & Co. v. Gentsch, 6 Cir., 1943, 133 F.2d 247.
 
 
 10
 '(c) Cases in which a penalty was involved. For example, Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061; Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318; Allen v. Regents of the University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448.
 
 
 11
 '(d) Cases in which it was definitely demonstrated that it was not proper to levy the tax on the commodity in question, such as Miller v. Standard Nut Margarine Company of Florida, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.
 
 
 12
 '(e) Cases based upon tax assessments fraudulently obtained by the tax collector by coercion. For example, Mitsukiyo Yoshimura v. Alsup, 9 Cir., 1948, 167 F.2d 104' (141 F.Supp. at page 338).
 
 
 13
 In the present case, if any of the plaintiffs are not subject to any tax liability, such plaintiff might well be within the exception stated in 9 Mertens, Law of Federal Income Taxation, 49.213, Chap. 49, p. 226 as follows:
 
 
 14
 'As an exception to the general rule, the courts have entertained injunction suits by third parties to prevent the taking of their property to satisfy the tax liability of another' (citing many cases in support of this principle).
 
 
 15
 As said by the court in Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620, 623:
 
 
 16
 'This court and others have consistently held that Section 3653(a) of Title 26 does not prevent judicial interposition to prevent a Collector from taking the property of one person to satisfy the tax obligation of another.'
 
 
 17
 And in Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590, 592:
 
 
 18
 'We think that the section of the Internal Revenue Code which we have quoted was not intended to deprive the courts of jurisdiction to restrain revenue officers from illegally collecting taxes out of property which does not belong to the person indebted to the government.'
 
 
 19
 The rationale behind Section 7421 and the exceptions thereto cannot be better or more succinctly stated than by the court in Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674, 678, in a case wherein the plaintiff and his wife brought an action against the Collector of Internal Revenue to determine title to property against which the Collector had issued a warrant of distraint. The trial court dismissed the complaint against the Collector, holding that it was without jurisdiction. The Court of Appeals reversed with instructions to permit the pleading to be recast. The court said:
 
 
 20
 '(1) The reason why a taxpayer may not ordinarily challenge the validity of a tax claim asserted against him by the Government by an action to enjoin its collection is founded upon public policy and the necessity of prompt payment of such taxes in order to enable the Government to properly function. In order, however, to protect the rights of the individual, Congress has provided a means for adjudicating such rights. Thus, Congress has provided that one challenging the legality of a tax may pay it under protest and then institute an action in a court of competent jurisdiction to recover the amount so paid. Ordinarily this is the taxpayer's sole remedy. It has long been recognized that this satisfies the constitutional requirements of due process.
 
 
 21
 '(2) It is equally well setted that the Revenue laws relate only to taxpayers. No procedure is prescribed for a nontaxpayer where the Government seeks to levy on property belonging to him for the collection of another's tax, and no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer in such cases. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not e required to pay the tax under protest and then institute an action to recover the amount so paid. His remedy woluld be to go into a court of competent jurisdiction and enjoin the Government from proceeding against his property.'
 
 
 22
 In Tomlinson v. Smith, 7 Cir., 1942, 128 F.2d 808, the plaintiff, a trustee suing to protect a mortgage lien, brought an action to restrain the Collector, who was seeking to collect Social Security taxes allegedly owed by members of a partnership, from distraining certain partnership property on which the plaintiff claimed a prior lien. The court affirmed an order granting an interlocutory injunction and noted the 'distinction between suits instituted by taxpayers and non-taxpayers' (at page 811).
 
 
 23
 We recognize, of course, the many cases which hold that a taxpayer against whom an assessment is made must pay the tax and bring an action to recover the payment. Thus, the amount of the tax, its legality or even constitutionality are not to be tested by injunctive action to restrain collection. Nor do 'special and extraordinary' circumstances embrace financial hardship in making the payment. 'The decided cases dealing with what constitutes irreparable injury are legion in number' (Stanton v. Machiz, D.C.Md. 1960, 183 F.Supp. 719, 726) but thus far plaintiffs here only plead an insufficient conclusory allegation.
 
 
 24
 Whether this case would come within the 'penalty' category and controlled by the cases cited in subparagraph (c) of Communist Party, U.S.A.,supra, need not now be decided. The same conclusion is reached as to whether plaintiffs acted 'willfully.' This issue can be tested in any suit brought for a refund. For the present, it is sufficient to decide that plaintiffs should have an opportunity to replead if they so desire in an amended complaint (Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319). Plaintiffs may or may not be able to allege facts showing that Section 7421 is inapplicable to them. However, a reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized and sold. A fortiori is the case where the liability is asserted by way of a penalty for a willful act.
 
 
 25
 The judgment should be modified to grant permission to serve an amended complaint and the case is remanded for this purpose.
 
 
 26
 CLARK, Circuit Judge (concurring).
 
 
 27
 I concur in the result reached by my brothers, but believe the exception for the granting of an injunction against the collection of a tax should be stated less broadly.
 
 
 28
 'A showing of extraordinary and exceptional circumstances must be found in the complaint if an escape is to be made from the prohibition of Section 7421, Internal Revenue Code.' Holdeen v. Raterree, D.C.N.D.N.Y., 155 F.Supp. 509, 510, affirmed on opinion below, 2 Cir., 253 F.2d 428. The complaint before us makes no such showing. Indeed, it does not even allege that plaintiffs are unable to pay the amount of the assessments and then sue for refunds. Paragraph 19 of the complaint states in conclusory fashion that plaintiffs are suffering and will continue to suffer 'irreparable harm and damage,' but this is insufficient to show the required 'extraordinary and exceptional circumstances.' Furthermore, mere hardship or difficulty in raising the amount of the tax is insufficient to justify the injunction. E.g., Matcovich v. Nickell, 9 Cir., 134 F.2d 837. On the other hand, an injunction has been granted to prevent destruction of a business, John M. Hirst & Co. v. Gentsch, 6 Cir., 133 F.2d 247; Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496, or to prevent reduction of the taxpayer to a state of destitution, Long v. United States, D.C.S.D.Ala., 148 F.Supp. 758. While the cases are not all consistent on the degree of hardship that must be shown, plaintiffs have not qualified under even the most lenient test.
 
 
 29
 The authorities relied on by my brothers deal principally with the proposition that a nontaxpayer may enjoin seizure of his property to pay taxes owed by another. These cases are not strictly applicable to the present case, since they involve 'nontaxpayers' against whom the government was not asserting any liability. In the present case the government does assert liability against the plaintiffs. Somewhat closer to the present case are decisions enjoining collection of tax from alleged transferees, where the court has found that transferee liability was not properly imposed. Holland v. Nix, 5 Cir., 214 F.2d 317; Shelton v. Gill, 4 Cir., 202 F.2d 503. These cases, together with those relied upon by my brothers, indicate that a court will more readily find 'extraordinary and exceptional circumstances' where the party seeking the injunction is not the primary taxpayer and where he makes a showing that he cannot be properly subjected to any derivative liability. The present complaint does not make a showing of such circumstances; but I am willing to join my brothers to permit the plaintiff to attempt to make such a showing, if he can, in an amended complaint.
 
 
 
 [1]
 '(a) Tax.-- Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court.'