Myron M. RUBY, Plaintiff,

v.

Joseph F. J. MAYER, Director, et al.,
Defendants.

Pearl M. Sacks FENTON, Plaintiff,

v.

Joseph F. J. MAYER, Director, et al.,
Defendants.

Louis D. SACKS, Plaintiff,

v.

Joseph F. J. MAYER, Director, et al.,
Defendants.

Max TRAUM, Plaintiff,

v.

Joseph F. J. MAYER, Director, et al.,
Defendants.

Civ. Nos. 72–60, 83–60, 84–60, 264–60.

United States District Court
D. New Jersey.

May 3, 1961.

Crummy, Gibbons & O'Neill, Newark, N. J., for plaintiffs Ruby, Fenton and Sachs.

Starr & Weinberg, Newark, N. J., for plaintiff Traum.

Chester Weidenburner, U. S. Atty., Newark, N. J., for defendants.

SMITH, Chief Judge.

These are four related civil actions in each of which the plaintiff seeks to enjoin the collection of penalty assessments made by the Director of Internal Revenue pursuant to Sections 6671 and 6672 of Title 26 U.S.C.A., the Internal Revenue Code of 1954. The assessments were predicated on the alleged withholding tax liability of Sacks-Barlow Foundries, Inc., for the third and fourth calendar quarters of 1955, and the first calendar quarter of 1956. These assessments are in the amounts of $42,956.-97, $48,484.63 and $4,452.48, respectively. The plaintiffs seek, specifically, an injunction against the enforcement of certain penalty assessments and a discharge of liens, filed as a consequence, on grounds hereinafter discussed.

The actions are before the Court at this time on the motions of the defendant United States of America to dismiss the complaints on the ground that the Court lacks jurisdiction, and on the motions of the defendant Director of Internal Revenue on the ground that injunctive relief is prohibited by the express provisions of Section 7421 of Title 26 U.S.C.A., the Internal Revenue Code of 1954. A further ground urged in support of the motions is that the action is essentially one for declaratory judgment under Section 2201 of Title 28 U.S.C.A., and within the exception therein defined.

### Facts

The plaintiffs had been officers and stockholders of Sacks-Barlow Foundries, Inc., a corporation, which was adjudicated a bankrupt on August 9, 1956, after an unsuccessful effort to effect a reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. When the funds realized upon the marshaling of the corporate assets were insufficient to fully discharge the withholding tax liability of the said corporation, the Director of Internal Revenue assessed against the plaintiffs the penalties allegedly due and owing under Section 6672 of the Internal Revenue Code, supra. The assessments were made against the plaintiffs jointly, severally and in the alternative, and it would appear that a demand for payment was made upon each of them. The present action followed when the Director allegedly threat-

ened to levy upon the assets of the plaintiffs.

### Statutory Liability

Section 3402 of the Internal Revenue Code, supra, Title 26 U.S.C.A. § 3402, provides for the collection of income taxes at the source by requiring every employer to deduct and withhold a percentage of wages paid to each employee. Similarly, Section 3102(a), Title 26 U.S.C.A. § 3102(a), requires the employer to deduct and withhold from the wages of each employee the amount of the tax imposed by Section 3101, the proportionate contribution of the employee to the social security and unemployment insurance funds. The amounts deducted and withheld from the wages of the employee are reportable and payable by the employer and may be assessed against him in the same manner as other taxes.

Where there has been a willful failure to comply with the provisions of the applicable provisions of the Code, supra, a derivative liability is imposed on the responsible person under Section 6672, supra, which reads as follows:

"*Any person required to collect,* truthfully account for, *and pay over any tax imposed* by this title who *willfully* fails to collect such tax, or truthfully account for and pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. \* \* \*." (Emphasis by this Court.)

The penalty is payable upon notice and demand, and may be "assessed and collected in the same manner as taxes." Section 6671, supra.

### Discussion

It is argued by the Director of Internal Revenue that these actions are barred by the prohibition contained in Section 7421(a) of the Internal Revenue Code, supra, 26 U.S.C.A. § 7421(a), which reads as follows: "Except as provided in section 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

It has been uniformly held that the provision prohibits a suit to restrain the collection of a tax solely upon the ground of its illegality. However, since the decision of the Supreme Court of the United States in the case of Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422, it has been settled that the statutory prohibition is subject to exception, where, in addition to the alleged illegality of the tax, "there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence." Many of the cases in which the exception has been adopted are summarized in the opinion of Judge Levet in the case of Communist Party, U. S. A. v. Moysey, D.C., 141 F. Supp. 332, 338. A further citation of these cases seems unnecessary. See also the annotation in 65 A.L.R.2d 550, and particularly pages 556 and 557, and Mertens, Law of Federal Income Taxation, Vol. 9, §§ 49.212 and 49.213.

The plaintiffs allege generally that they are financially unable to pay the full amount of the assessments and, if compelled to pay them, will suffer insolvency and irreparable injury for which there is no adequate remedy at law. The allegation is made by each of the plaintiffs in a separate complaint. This allegation, without more, is clearly insufficient to support a claim for injunctive relief. However, the narrow question here presented is whether or not there exists in each of these cases, in addition to hardship, such special and extraordinary circumstances as to warrant the intervention of a court of equity.

The plaintiffs do not dispute the legality of the assessments, but each of them denies liability for their payment. Each of the plaintiffs Ruby, Fenton and Sacks allege that the plaintiff Traum, as president of the corporation, was the person liable under the statute, supra. The

plaintiff Traum alleges that the other plaintiffs were liable under the said statute. This plaintiff also alleges further that the Comptroller, one Wesley E. Howell, was the person responsible "for the payment of all withholding taxes." It should be noted further that each of the plaintiffs alleges that if compelled to pay the penalty there is no assurance of contribution from another or others who may be equally liable.

When the allegations of the complaint are considered in the light of the express provisions of Section 6672, supra, it appears that there are, in addition to the alleged financial hardship, such special and extraordinary circumstances as to warrant the intervention of a court of equity.

The primary obligation to collect and pay over the taxes imposed by the pertinent provisions of the Internal Revenue Code, supra, was that of the employer, here Sacks-Barlow Foundries, Inc. Sections 3402 and 3102(a), supra. The derivative liability imposed by the pertinent provisions of Section 6672, supra, was upon that officer or employee of the corporation who *willfully* failed to collect such taxes, or truthfully account for and pay over such taxes. This section is limited in its application to the responsible person, and he alone is liable for the penalty imposed. Botta et al v. Scanlon, 288 F.2d 504.

This construction is supported by the express language of Section 6671(b), wherein the term "person" is defined as follows: "The term 'person', as used in this subchapter, includes an officer or employee of a corporation, * * * who as such officer, employee, or * * * *IS UNDER A DUTY TO PERFORM THE ACT IN RESPECT OF WHICH THE VIOLATION OCCURS.*" It is clear that the term "person" as used in Section 6672, supra, does not refer to each officer of the corporation but only to the officer or employee responsible for the violation.

A situation comparable to that in the present case was before the United States Court of Appeals for the Second Circuit in the cited case. It is stated in the majority opinion, 288 F.2d at page 506: "A fair reading of the relevant sections shows an intent to impose a 'penalty.' The only 'person' liable for such penalty is the 'person required to collect, truthfully account for, or pay over any tax * * *.' As additional proof that the penalty is addressed to specific individuals, it applies solely to those who 'wilfully' fail to collect and/or pay over. *Were a person in no manner obligated to collect or pay over the tax, any assessment against him or seizure of his property to pay a penalty imposed against another would scarcely seem consistent with that protection, whether it be called equity, due process or merely common sense justice, which our system of jurisprudence purportedly bestows upon our citizens.*" (Emphasis by this Court).

It was further stated in the majority opinion, 288 F.2d at page 508, "[A] reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified. in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of 'taxpayer' is bestowed upon them and their property is seized and sold. A *fortiori* is the case where the liability is asserted by way of a penalty for a willful act."

We do not agree that a preliminary judicial determination of the issue of liability is necessary in cases of this character. The issue of liability, as well as the legality of the assessments and the amounts thereof, can be determined by the Commissioner of Internal Revenue in the usual manner. A feasible procedure, consistent with the provisions of the Internal Revenue Code, is hereinafter discussed.

The present case is not unlike those cases in which the United States Court of Appeals for this Circuit has sustained the right to equitable relief where an attempt is made to seize the property of one person to satisfy the tax liability of

another. Raffaele v. Granger, 196 F.2d 620; Rothensies v. Ullman, 110 F.2d 590. See also Adler v. Nicholas, 10 Cir., 166 F.2d 674; Glenn v. American Surety Co., 6 Cir., 160 F.2d 977. We are of the opinion that the enforcement of the full amount of the assessments against the plaintiffs, either jointly or severally, in the absence of a determination of the issue of liability other than the preliminary determination heretofore made by the Director of Internal Revenue, would be tantamount to such a seizure, and oppressive. Botta et al. v. Scanlon, supra.

### Available Legal Remedy

■ We assume, in the absence of any denial by the defendants, that the allegations of the separate verified complaints are true. It would appear from these allegations that the plaintiffs would be without an adequate remedy at law if they were compelled to pay the full amount of the assessments as a condition precedent to their right to litigate the issue of liability. It is our opinion that such payment of the full amount of the assessments cannot be required.

■■ The taxes which the employer was required to deduct and withhold from the wages of the employees, pursuant to Sections 3402 and 3102(a) of the Internal Revenue Act, supra, constituted separate taxes as to each employee. The taxes collected pursuant to the former are credited against the potential income tax liability of the individual employee; the taxes collected pursuant to the latter are the taxes imposed upon the individual employee under Section 3101. It follows that these taxes are divisible, and the liability of the employer therefor is separate. The full payment rule is not applicable to an assessment of divisible taxes. Steele v. United States, 8 Cir., 280 F.2d 89; see also Flora v. United States, 362 U.S. 145, 171 et seq., footnotes 37 and 38, 80 S.Ct. 630, 4 L.Ed.2d 623.

The penalty imposed by Section 6672, supra, is an amount "equal to the total amount of the tax evaded, or not collect-ed, or not accounted for and paid over." The penalties are measured by the amount of the taxes due for each employee and these penalties, like the amount of the taxes by which they are measured, are divisible, and the liability imposed by Section 6672, supra, must be regarded as separate. Steele v. United States, supra. This conclusion was "in effect" conceded by the defendant in the cited case.

The remedy of the plaintiffs seems obvious. They may pay to the Director of Internal Revenue the penalties equal to the amount of the taxes due for one or more individual employees and for each of the quarters here in question. They may then file with the Commissioner of Internal Revenue a claim for refund and therein request a determination of the legality of the assessment, the amount thereof, and their liability therefor. If the claim for refund is denied there is available to the plaintiffs an adequate remedy under Section 7422 of the Internal Revenue Code, supra, 26 U.S.C.A. 7422, and Section 1346(a) (1) of Title 28 U.S.C.A. It is the opinion of the Court that the plaintiffs should be afforded an opportunity to pursue this remedy.

### Declaratory Judgment Action

■■ The argument of the defendants that the present action is one for declaratory judgment under Section 2201 of Title 28 U.S.C.A., is without merit. However, even if it should be so regarded, the question becomes moot by reason of our disposition of the case.

### Conclusions

#### A.

The motion of the United States of America to dismiss the action as to it on the ground of lack of jurisdiction is granted.

#### B.

The motion of the Director of Internal Revenue to dismiss the action as to him is denied for the reasons herein discussed.

## C.

The plaintiffs are directed to pursue the legal remedy hereinabove outlined within 60 days from the date hereof.

## D.

The temporary restraining order heretofore entered will be so modified as to protect the property of the plaintiffs against the enforcement of the assessments pending the determination of the claim for refund, provided, however, that the claim for refund shall be filed within 60 days from the date hereof.