**Joseph I. HELLER, Plaintiff,**

v.

**Thomas E. SCANLON, District Director of Internal Revenue for the District of Brooklyn, New York, Defendant.**

No. 61-C-326.

United States District Court
E. D. New York.

July 7, 1961.

Weisman, Allan, Spett & Sheinberg, New York City, for plaintiff. Herbert R. Berk, Robert Cahn, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendant. Jon H. Hammer, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Motion by defendant to dismiss the complaint herein, pursuant to Rule 12(b), Fed.Rules Civ.Proc., 28 U.S.C.A.

The action, commenced pursuant to 28 U.S.C.A. § 1340, is primarily for injunctive relief against the enforcement by the District Director of Internal Revenue of certain tax liens arising out of penalty assessments imposed pursuant to Section 6672 of the Internal Revenue Code (26 U.S.C.A.) for the failure of plaintiff to collect, account for and pay over withholding taxes. The complaint alleges that plaintiff was vice-president of Voltar Electronics, Inc., in charge of engineering; that Voltar was adjudicated a bankrupt in 1958 while it owed the Government withholding taxes for the last three quarters of 1957 and the first two quarters of 1958 amounting to $6,337.36; that the Government has not collected any portion thereof; that a 100% penalty assessment was made against plaintiff and a notice of tax lien filed against him in Kings County although he never had "the duty of preparing, signing and/or filing any tax returns whatsoever" or "the duty to collect, account for and/or pay over any withholding and/or other employment taxes on behalf of Voltar"; and that said lien now causes plaintiff irreparable harm by way of damage to reputation, harassment and liability to turn over assets he may hereafter acquire in order to satisfy the assessment and lien. To this recital he adds that "the existence of such lien *will upon information and belief*, impede and/or prevent plaintiff from obtaining *and/or* holding employment" (emphasis added). In amplification of this allegation plaintiff argues in his brief that he is engaged in the field of electronics, which is a sensitive field involving Government contracts and is thus in a vulnerable position. This assertion is not included in the complaint but it is doubtful that such inclusion would produce a different result. The relief prayed for is a declaration that the assessments are null and void and an injunction against the enforcement or collection of the assessments.

Defendant seeks dismissal of the complaint on the grounds that (i) the Court lacks jurisdiction over the subject matter, (ii) injunctive relief is precluded by Section 7421(a), I.R.C., (iii) the United States is an indispensable party which has not been joined, (iv) the complaint is in effect, one for a declaratory judgment which cannot be granted in a case involving a tax dispute (28 U.S.C.A. § 2201) and (v) the complaint fails to state facts upon which any relief can be granted.

■ Upon this motion the Court must accept as true all of the facts alleged in the complaint. Merrimac Hat Corporation v. Crown Overall Mfg. Co., D.C.N.Y. 1950, 91 F.Supp. 49. It will therefore be assumed that as far as this plaintiff is concerned there is no basis for the exaction of the assessment and the filing of the liens by the District Director. But this is not enough to protect the plaintiff. If equitable relief is unavailable to him in this action he cannot prevail and the other grounds urged in support of the motion become moot.

■■ Defendant contends that plaintiff is not entitled to equitable relief in view of the prohibition of Section 7421 (a) which provides, in part, that "no suit for the purpose of restraining the assessment or collection of any *tax* shall be maintained in any court" (emphasis added). Plaintiff replies that in accordance with Section 6672 the penalty assessment herein is not a *tax*, but "a penalty equal to the total amount of the tax" and that Section 7421 has no applicability to penalties because they are exceptions to the general rule. See Hill v. Wallace, 1922, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822; Lipke v. Lederer, 1922, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061. Although discussed by the Court in Botta v. Scanlon, 2 Cir., 1961, 288 F.2d 504, 505, the question of whether an assessment of the present kind is a tax or penalty was left undecided. In Ruby v. Mayer, D.C.N.J. 1961, 194 F.Supp. 594, *Chief Judge Smith* described the assessment as a penalty. The classification of this assessment as a tax or penalty, however, seems to be of little consequence because Section 6671 (a) provides that "* * * Except as oth-

erwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter." Thus whether the assessment here is a penalty or a tax, Section 7421 would still apply. Even if this were not so, the plaintiff under applicable common law principles would nevertheless be required to establish an inadequate remedy at law and irreparable harm and damage before he would be entitled to injunctive relief. There is no doubt, however, that the fact that the assessment is a penalty would strengthen his appeal under either hypothesis, for equitable consideration.

■ In this action the party seeking relief is not the primary taxpayer but is subjected only to derivative liability. In such a case the courts are again more prone to find "extraordinary and exceptional circumstances". Botta v. Scanlon, supra. But applying the most lenient test, this complaint does not make a showing of such circumstances. The chief basis for the claim, which incidentally is made upon information and belief, is the allegation that the existence of the lien "will * * * impede and/or prevent plaintiff from obtaining and/or holding employment." This is not the same as an allegation that plaintiff has in fact been denied employment or dismissed from a position by reason of the assessment and liens. This pleading is obviously in the realm of the conjectural. Whether the actual existence of the hardship which plaintiff now fears would constitute a basis for relief is unnecessary to decide. Plaintiff supplements this claim of special circumstances with allegations of damage to reputation, harassment and prospective seizure of assets. The first two elements may be alleged with respect to all litigation and the last possibility always exists in cases of this type. There is nothing unusual, appealing or necessitous in these claims.

They therefore do not constitute special and extraordinary circumstances. Holdeen v. Ratterree, D.C.N.Y.1957, 155 F.Supp. 509; United States v. Curd, 5 Cir., 1958, 257 F.2d 347; Lipsig v. United States, D.C.N.Y.1960, 187 F.Supp. 826.

■ In this proceeding another factor should be considered, which not only enables plaintiff to alleviate his alleged hardship but simultaneously provides him with an adequate remedy at law. Since Steele v. United States, 8 Cir., 1960, 280 F.2d 89, at page 91, it has been clear that assessments made pursuant to Section 6672 are divisible and that plaintiff may "make payment of the amount of the penalty applicable to the withheld taxes of any individual employee" and then claim a refund and institute suit for recovery "as a means of settling the question of the right of the Government to have made penalty assessment" against him. Bellah v. Patterson, D.C.Ala.1960, 61–1 USTC ¶ 9119; Ruby v. Mayer, supra.

Plaintiff does not allege any financial hardship making it impossible for him to make such a payment, nor does he make any showing that he could obtain a more speedy determination of his claim in this action than he would in a suit for refund, particularly since he may apply for a preference in such a suit if he deems himself prejudiced by delay.

While defendant's motion to dismiss the complaint must be granted, plaintiff should be granted the opportunity to pursue the legal remedy above described. Therefore the dismissal of the instant complaint shall be with leave to plaintiff to file an amended complaint within ninety (90) days alleging that he has paid the assessment with respect to one or more employees and has filed a claim for refund which has been denied.

Settle order within three (3) days on two (2) days' notice.