Mrs. Merle Newman **WILLIAMS**

v.

A. C. **ROSS, District Director of Internal Revenue and W. E. Carson, Revenue Officer.**

Civ. A. No. 7654.

United States District Court N. D. Georgia, Atlanta Division.

July 31, 1963.

Jack B. Phelps, Decatur, Ga., and Young H. Fraser, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., for the Government.

HOOPER, Chief Judge.

This is an action by Mrs. Merle Newman Williams (formerly Mrs. Merle Newman), widow of Frank Newman, who during his lifetime operated a drug store. During his lifetime a jeopardy assessment for unpaid taxes was issued by Internal Revenue and became a lien on the real estate involved in this case. The facts in the case are not in dispute. Newman was operating the drug store

individually and his wife, the plaintiff herein, was not participating in its operation. Newman died in March, 1960 and in October, 1960 on application for the widow the property was set aside to her as a year's support. Under Georgia law hereinafter cited the title she received was superior to all debts and claims whatsoever, including liens for taxes.

After Newman's death and in March 1961 Internal Revenue, considering Mrs. Newman was jointly operating the drug store with her husband, issued a joint assessment. In June, 1961 she filed this action to enjoin the sale.

On October 29, 1962 this Court sustained plaintiff's motion for a summary judgment upon the ground that the property levied upon had subsequently been awarded to Mrs. Williams, the plaintiff, as a year's support. That judgment was based upon the stipulation by the parties, but the stipulation contained a statement found by the Court subsequently to be ambiguous, to the effect that it pertained only to the enforcement of two federal tax liens "which liens cover the joint assessments heretofore made against Mr. and Mrs. F. H. Newman, doing business as Newman's Pharmacy, and is not connected in any way with any individual liability or the enforcement thereof of Mrs. Merle Newman Williams individually," same being dated October 29, 1962.

The summary judgment granted by the Court was therefore vacated December 13, 1962 and the plaintiff was allowed twenty days within which to amend her prayers for injunction. Although the summary judgment of October 29, 1962 was consented to by both parties it appeared to the Court that it was probably entered under a misunderstanding and therefore was set aside, neither party objecting to the Order vacating the same.

The brief for the Government contains the following language:

"Subsequent to the abatement of the original tax assessment, the Internal Revenue Service made an assessment against Mrs. Merle Newman Williams individually * * * upon the theory that while Mrs. Newman was not an owner of the pharmacy during the taxable period, she was the person responsible for the collection and payment of such taxes, and since these taxes were not paid, she is now liable for a penalty equal to the amount of the tax which should have been withheld and paid over to the Government. Pursuant to this assessment, the Internal Revenue Service proceeded with a second levy and sale of the real property which was the subject matter of the original complaint."

## THE LEGAL QUESTION INVOLVED.

From the foregoing these significant facts appear: The property in question was the property of plaintiff's husband during his lifetime. The indebtedness to the Government, which is made the basis of the assessment, was due and owing by Mr. Newman to the Government during his lifetime. Upon the death of Mr. Newman in March, 1960, the only assessment issued had been a joint assessment against Mr. and Mrs. Newman. The Government conceded, however, that the assessment against both of them jointly was in error and that Mrs. Newman (now Mrs. Williams) should not have been joined therein.[1] With matters in that status the property was duly set aside to Mrs. Williams as a year's support in October, 1960.

It has several times been pointed out that,

"[T]he right to a year's support vests immediately and absolutely upon the death of the husband in the widow." United States v. First National Bank and Trust Company of Augusta, 297 F.2d 312 (5 Cir.).

It was there held that the property qualified for a marital deduction, citing Georgia Code § 113–1023, Code of 1933.

1. Clarification is needed upon the effect of the Government's abandonment of its claim as to liability against Mrs. Williams at that time.

Georgia Code § 113–1002 provides in part:

> "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided is the provision for the support of the family."

The Government is relying upon the theory that Mrs. Williams, the wife, was "required to collect, truthfully account for, and pay over" the tax in question. That she failed to do so and therefore is liable for the penalty under § 6672, Internal Revenue Code of 1954 (26 U.S.C.A.). However, the lien for tax itself is expressly claimed only against her husband, and a levy against the property in question which was joint was abandoned by the Government and the property on the death of Mr. Newman passed to his widow, now Mrs. Williams, as a year's support free and clear of all indebtedness against Mr. Newman.[2] Counsel for Mrs. Williams stands entirely upon the contention that the indebtedness was that of Mr. Newman and that his property passed to Mrs. Williams free from all debts, and therefore a penalty, which is really an adjunct to the principal liability, cannot attach to the property.

This Court is not content to rest a final decision upon the very meager facts contained in the record, even though counsel for both parties may be content to do so. The right of Mrs. Williams to an injunction involves many difficult issues of fact and law not contained in this record, to-wit:

1—While generally an injunction will not lie against the collection of a tax covered by a jeopardy assessment there are a number of exceptions which are fully pointed out in the case of Botta v. Scanlon, 2 Cir., 288 F.2d 504, at p. 506. One question is whether the tax is sought to be collected out of property of one person for the debt of another. Generally the person who allegedly failed to pay over the tax of another is the agent of a corporation. See United States v. Graham, 9 Cir., 309 F.2d 210, and other cases.

> "Not every 'officer' or 'employee' of a corporation is subject to the 'penalty' but only if he be 'under a duty to perform the act.'" Botta v. Scanlon, supra, 288 F.2d p. 506.

Nothing appears in this record except that Mrs. Williams was the wife of Mr. Newman and it was the duty of Mr. Newman to collect and pay over the tax. An officer of a corporation may be presumed to have such duty, but there is no such presumption as to a wife. If in fact she did not actually have such duty and if she is free from liability under the circumstances, this Court believes that she should make such a showing to this Court and she will be given an opportunity to do so.

2—Another matter touched upon by the courts is whether or not Mrs. Williams should pay this tax and sue for its recovery. Whether she can do so does not appear. A showing of irreparable injury alone will not always entitle the plaintiff to an injunction, but the lack of irreparable injury carries great weight with the court. See Botta v. Scanlon, 2 Cir., 314 F.2d 392, at p. 394.[3]

This Court does not know whether Mrs. Williams is utterly free from all liability personally, nor whether she is financially able to pay the tax claim for refund. She will be able to make a showing upon these questions.

It is therefore ordered that the Clerk set this case down on the non-jury calendar for plenary trial.

---

2. Georgia courts apparently have not ruled upon the status of year's support property as to principal liabilities against the wife.

3. The case just cited points out that the petitioning party "for aught that appears in the complaint * * * may also have been a director." It also points out that plaintiffs have "expressed their desire to pay the tax assessment in whole or in part" and file a claim for refund.