**Libro J. GALANTI, Plaintiff,**

v.

**UNITED STATES of America, and Edward J. Fitzgerald, Jr., District Director of Internal Revenue, Defendants.**

**Civ. A. No. 148–65.**

United States District Court
D. New Jersey.

Aug. 17, 1965.

Louis R. Lombardino, Livingston, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., by Barry D. Maurer, Asst. U. S. Atty., for the Government.

WORTENDYKE, District Judge:

In this civil action plaintiff (Galanti) alleges that this Court has jurisdiction under 28 U.S.C. §§ 1340 and 2410 because the action arises under 26 U.S.C. §§ 3401 (d), 3402, 6671 and 6672.

Galanti and his wife own real estate in this District, as tenants by the entirety. The United States of America claims a tax lien upon the property and has recorded a notice of its lien thereon in the office of the Clerk of Morris County, New Jersey.

The complaint alleges that the tax lien arose because Galanti "as an officer of" a New Jersey corporation "was subject to a penalty, pursuant to 26 U.S.C. 6672, for the wilful failure to collect or truthfully account for and pay over federal taxes withheld from the employees of said corporation." Concededly Galanti was a stockholder and vice-president of the corporation from December 1956 to November 1960 and authorized to sign checks drawn upon the checking account maintained by the corporation; but he asserts that the duties of his employment "consisted solely of representing said corporation as its salesman, and that he was not responsible for preparing the weekly payroll nor for collecting, accounting for and paying over" to the Treasury, the withheld taxes. Claiming that he is not an "employer" within the meaning of 26 U.S.C. § 3401(d), and therefore not liable for the penalty prescribed by 26 U.S.C.

§ 6672, Galanti contends that the tax lien asserted against his real property is illegal and he asks judgment that the Government has no valid encumbrance upon his property. Thus he pleads in the first count of the complaint.

The second count, incorporating by reference the allegations of the first count, alleges that Galanti is not liable for the tax assessment upon which the lien on his property is asserted, and that he is financially unable to pay the tax. He further alleges that one DiStasi, who was the secretary and treasurer of the corporation from whose employees the taxes were withheld, was charged with the responsibility of preparing the weekly payroll and of collecting, accounting for and paying over the withheld taxes to the Government. Galanti says that if he were to be compelled to pay the assessment upon which the asserted lien is based, there is no assurance that he could obtain contribution from DiStasi or others who may be liable for the tax. Galanti states that he has been informed that the District Director has ordered a levy and execution upon and against Galanti's real and personal property for the collection of the assessed tax and that if such action is taken, Galanti will suffer immediate and irreparable damage. Accordingly, he prays that the District Director be enjoined from levying and executing upon the real and personal property of the plaintiff the collection of the tax assessment or any part thereof, and asks that the case be tried to a jury.

The defendants have moved for a dismissal of the complaint upon four grounds, viz.: (1) because it fails to state a claim upon which relief may be granted; (2) because the suit is prohibited by 28 U.S.C. § 2201, in that it seeks a declaratory judgment with respect to federal taxes; (3) the United States of America has not waived its sovereign immunity for the purposes of this action to inquire into the merits of the assessment underlying the lien sought to be discharged; and (4) the action is prohibited by § 7421 of the In-

**530**

ternal Revenue Code of 1954, in that it seeks injunctive relief to restrain the assessment and collection of a tax.

The motion was duly briefed and argued and at the conclusion of the argument the Court reserved decision. This opinion embodies the Court's decision upon that motion.

In this action plaintiff seeks to contest the validity of the Government's claimed lien upon his real estate, and injunctive relief against the enforcement of the lien. The complaint fails to state a claim upon which relief may be granted. The motion to dismiss must prevail.

The case is governed by Enochs, District Director v. Williams Packing & Navigation Co., Inc., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, and, like Enochs, is distinguishable from Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.

■ Section 7421(a) of the Internal Revenue Code of 1954 provides: "Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." As stated by the Chief Justice in Enochs, 370 U.S. at p. 2, 82 S.Ct. at p. 1126: "The exception for Tax Court proceedings created by §§ 6212(a) and (c) and 6213(a) * * * [is] not applicable because that body is without jurisdiction over taxes [past due social security and unemployment taxes] of the sort here in issue." Neither is the exception applicable to the case at bar. In the same opinion we read (p. 5, 82 S.Ct. p. 1128): "The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." The Court distinguished the Standard Nut Margarine case because " * * * '[a] valid oleomargarine tax could by no legal possibility have been assessed against [the manufacturer], and therefore the reasons underlying [§ 7421(a)] apply, if at all, with little force.' * * * The courts below seem

to have found that Nut Margarine decides that § 7421(a) does not bar suit for an injunction against the collection of taxes not due if the legal remedy is inadequate. We cannot agree. * * * [I]f Congress had desired to make the availability of the injunctive remedy against the collection of federal taxes not lawfully due depend upon the adequacy of the legal remedy, it would have said so explicitly. Its failure to do so shows that such a suit may not be entertained merely because collection would cause an irreparable injury, such as the ruination of the taxpayer's enterprise. * * * The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."

■ Ruby v. Mayer, etc., D.C.N.J. 1961, 194 F.Supp. 594, held that the statutory prohibition of suits to restrain the assessment or collection of any tax was subject to exception (Miller v. Standard Nut Margarine Co., supra) "where, in addition to the alleged illegality of the tax, 'there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence.'" The Court ruled that the allegation of irreparable injury without adequate remedy at law was insufficient "without more" to support a claim for injunctive relief, but that the narrow question presented, "in addition to hardship", was "whether or not there exists * * * such special and extraordinary circumstances as to warrant the intervention of a court of equity." The Court there found such "circumstances" to exist. He therefore modified the temporary restraining order which had been allowed to the plaintiffs against the collection of the penalty assessments by extending the restraint long enough to permit plaintiffs to pay and claim refund and, if refund be denied, bring action for its recovery under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)

(1). Enochs supra, 370 U.S. p. 7, 82 S.Ct. p. 1129, held: "[Only] if it is clear that under no circumstances could the Government ultimately prevail" may the attempted collection be enjoined "if equity jurisdiction otherwise exists." In Ruby supra the Court found that equity jurisdiction otherwise existed. It is not clear in the case at bar that under no circumstances could the Government prevail.

Heller v. Scanlon, D.C.N.Y.1961, 196 F.Supp. 832, and Botta v. Scanlon, 2 Cir. 1963, 314 F.2d 392, point out that 26 U.S.C. § 6671(a) expressly provides that " 'except as otherwise provided, any reference in this title [26] to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by * * * [§ 6672].' There is no provision to the contrary applicable to § 6672." (p. 393 in the Botta opinion).

The Third Circuit Court of Appeals in 1965 affirmed *per curiam* (341 F.2d 920), the opinion of former District (now Circuit) Judge Freedman in Quinn v. Hook, District Director, D.C.Pa.1964, 231 F.Supp. 718, and cited also Baglivio v. Commissioner, D.C.Pa.1964, 235 F.Supp. 493. In Quinn, Judge Freedman held the provisions of § 2410 unavailable to a plaintiff in a situation substantially similar to that of the plaintiff herein, and characterized Sonitz v. United States, D.C.N.J.1963, 221 F.Supp. 762 and Falik v. United States, D.C.N.Y.1962, 206 F.Supp. 181, as "unreal" in seeking "complete symmetry between proceedings by the Government and those against it, for this ignores the all-pervasive distinction that taxpayers are private citizens subject generally to suit, whereas the Government may be sued only with its consent * * * To read § 2410(a) as authorizing an inquiry into the validity of the assessment and the liability for the tax would * * * vitiate the congressional purpose behind the prohibitions of declaratory and injunctive relief in federal tax controversies. The consent of the United States to be made a party in mortgage fore-closure and quiet title proceedings where government liens are involved [28 U.S.C. § 2410] does not uproot these well established principles."

An order dismissing the complaint in the pending action may be presented.