Herman **KIMMEL** and Murray Walker, Plaintiffs,

v.

Laurie W. **TOMLINSON**, District Director of Internal Revenue, and Ralph Maxwell, Collection Officer, Internal Revenue Service, District of Florida, Defendants.

No. 7443-M-Civ.

United States District Court
S. D. Florida, Miami Division.

April 24, 1957.

Arthur Cunningham, Cunningham & Weinstein, Miami, Fla., for plaintiffs.

7. 2 Moore's Fed.Prac. (2d Ed.) 1038.

8. United States v. Greitzer, D.C.E.D.Pa. 1955, 18 F.R.D. 304.

9. 5 Moore's Fed.Prac. (2d Ed.) 1036.

E. David Rosen, Asst. U. S. Atty., Miami, Fla., for defendants.

CHOATE, District Judge.

■ This cause having come on to be heard on March 8, 22, and 28, 1957, upon the relief prayed for by the Plaintiffs in Paragraph Numbered 3, page 6, of the Complaint filed March 5, 1957, that this Court:

"enter its temporary injunction or restraining order, restraining or preventing the defendants or any other representatives of the Internal Revenue Service from seizing or levying upon the assets of the plaintiffs, prior to final determination of the amount of taxes due, if any, according to the proper and usual procedures (sic) wherein no jeopardy exists, and at the same time enter its order ordering the release and return to the plaintiff of all of their merchandise, property assets, bank accounts, etc., previously seized by the defendants."

and the Court having heard extensive testimony and having considered the evidence received, the other matters of record herein, and the memoranda of law submitted by both sides, does hereby find that the plaintiffs have failed to show that the circumstances of this case are such that would permit this Court to issue a preliminary injunction against the District Director of Internal Revenue, and, therefore, the above relief, for which the Plaintiffs pray, should be, and is denied (Section 7421(a), Internal Revenue Code 1954, 26 U.S.C.A. § 7421(a). See also Lloyd v. Patterson, 5 Cir., 1957, 242 F.2d 742.

The plaintiffs have not directly questioned the constitutionality of the jeopardy assessment provisions of the Internal Revenue Code but the Court is of the opinion that if this were a case of first impression this Court would be inclined to hold these provisions unconstitutional. The case of Phillips v. Commissioner, 1931, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289, has been cited and followed by the Courts as authority for the proposition that the jeopardy assessment statutes are constitutional. Continental Products Co. v. Commissioner, 1 Cir., 1933, 66 F.2d 434; Dyer v. Gallagher, 6 Cir., 1953, 203 F.2d 477.

■ This Court feels that it is bound to follow the law as it has been so long established but at the same time the Court does take this opportunity to point out that the reasoning in those cases to the effect that the taxpayer is amply protected under the law against any unjust summary seizure of his property (and the attendant destruction and bankruptcy of his business) is against all practical experience when applied to this and most other cases where going businesses are seized. In the instant case every bit of property (inclusive of bank accounts) of both taxpayers (and their wives) has been seized; it would seem to be mere mockery to say they, after they have been stripped of all assets, are protected in that they may either post a bond or pay the three hundred odd thousand dollars of taxes and penalties assessed in order to stay the waste of a forced sale of their assets and the certain destruction of their business. It would seem that in such cases as these common sense dictates that the Courts should be given some leeway in protecting and preserving the assets of a going business and preventing the waste of a forced sale pending the determination of the tax question by a competent tribunal, and that a prompt hearing should be afforded, instead of no provision for such a hearing. Such action by a court, if permitted, would not only preserve the taxpayer's property for the benefit of the Government but, in addition: (1) assure a greater return from the sale of the property by not selling it under forced sale conditions, and (2) would in most cases avoid certain bankruptcy and a needless and wasteful destruction of a taxpayer's going business—indeed his means of livelihood. However, for the first above recited reasons, it is, with considerable reluctance,

Ordered And Adjudged that the prayer for relief contained in Paragraph No. 3 of Page 6 of the Complaint, be and the same is hereby denied.

Done And Ordered in Chambers at Miami, Florida, this 24th day of April, 1957.