Ogden M. SHERWOOD, Plaintiff,

v.

Thomas E. SCANLON, District Director of Internal Revenue for the Eastern District of New York, Defendant

Civ. A. No. 62-C-94.

United States District Court
E. D. New York.

June 15, 1962.

M. Francis Bravman, New York City, for plaintiff. Charles L. Kades, Charles V. O'Neill, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., E. D. of New York, for defendant. Stanley F. Meltzer, Asst. U. S. Atty., John G. Penn, Dept. of Justice, Washington, D. C., of counsel.

BRUCHHAUSEN, District Judge.

This action was commenced pursuant to 28 U.S.C.A. § 1340. The plaintiff seeks to have an assessment for federal taxes declared null and void, to set aside the assessment, to abate the tax and enjoin the defendant, pendente lite. A temporary restraining order is in effect, enjoining the defendant from seizing the proceeds of a trust fund for the benefit of the plaintiff.

The defendant cross-moved for a dismissal of the action on the ground that the complaint fails to state a claim upon which relief can be granted. He urges that the United States is a necessary and indispensable party, that it has not been made a party defendant, and that the plaintiff seeks to restrain the collection of federal taxes, in violation of Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421.

■ Upon such a motion, the Court must accept as true the facts alleged in the complaint. Merrimac Hat Corporation v. Crown Overall Mfg. Co., D.C.S.D. N.Y.1950, 91 F.Supp. 49. However, if equitable relief is unavailable to the plaintiff, he cannot prevail. Heller v. Scanlon, D.C.E.D.N.Y.1961, 196 F.Supp. 832.

■ The defendant asserts that this Court lacks jurisdiction under 26 U.S. C.A. § 7421 which provides:

"(a) Tax.—Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Those exceptions are inapplicable to the case at bar. It is also immaterial whether the assessment is a tax or a penalty since 26 U.S.C.A. § 6671 provides in part:

" * * * Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter."

It follows, therefore, that Section 7421 ' would apply whether the assessment be a tax or penalty.

■ The plaintiff contends that he has no adequate remedy at law, namely if his motion is denied, the defendant will then proceed to collect the penalty and thereby render him destitute. The allegation of prospective destitution is mentioned once in the complaint and also in the plaintiff's brief. An injunction to restrain collection of a tax may issue where the tax is illegal and there are special and extraordinary circumstances. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Enochs v. Williams Packing and Navigation Co., Inc., 82 S.Ct. 1125.

In the Miller case, it was apparent that the tax was illegal. The assessment in the case at bar is not in that category. However, the plaintiff does make allegations, later detailed, which if upheld after trial, may absolve him from liability for the assessment upon the ground that the failure to pay the tax was not "wilful," within the meaning of 26 U.S.C.A. § 6672.

■ The plaintiff has an adequate remedy at law. In Steele v. United States, 8 Cir., 280 F.2d 89, at page 91, the Court held that assessments are divisible and that plaintiff may "make payment of the amount of the penalty applicable to the withheld taxes of any individual employee, to make claim for refund, and to institute suit for recovery, as a means of settling the question of the right of the Government to have made penalty assessment against them personally in the circumstances of the situation."

It appears that the defendant has collected the sum of $66.80 from the plaintiff's present employer, which sum was owing by it to the plaintiff. This payment should be considered in connection with any prospective action for refund.

The defendant should furnish the plaintiff with such information from the reports and statements of Gillmor's Inc., in his possession, as is necessary in the institution of the action.

Previous reference has been made to the plaintiff's contention that he is not liable for the assessment. He alleges that he was an officer of the Gillmor Company in name only; that the controlling influence was with one Cazanova, the president and majority stockholder; that the bookkeeper prepared the return for the quarter ending March 31, 1957; that plaintiff signed and mailed the same to the District Director with a check drawn on the corporation's bank for $23,864.14; that thereafter without the consent of or any consultation with plaintiff, Cazanova directed the bank to stop payment and that the plaintiff was shortly thereafter discharged as an employee of the corporation.

Under the circumstances, the Court reluctantly concludes that the defendant is entitled to a dismissal of the complaint and a denial of the plaintiff's motion.

Unfortunately, if the plaintiff eventually succeeds in establishing that the failure to pay the tax was not wilful, thus absolving him from liability, he may meanwhile suffer hardship and distress through the action of the defendant in enforcing the payment of the lien for the assessment. This is the kind of situation, wherein the Court would be sympathetic to the grant of a preference of trial. The defendant should refrain from enforcing the lien, pending determination of the issue of plaintiff's liability for the tax.

Settle order on ten (10) days' notice.