Elzie C. CLARK et al.

v.

Ellis CAMPBELL, Jr., District Director
of Internal Revenue, et al.

No. CA 3–3472–C.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 7, 1972.

Merle R. Flagg, Holley, Flagg, Hayner & Miller, Dallas, Tex., for plaintiffs.

Eldon B. Mahon, U. S. Atty., Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., District Judge.

This is an action seeking to enjoin the collection of federal income taxes determined by Ellis Campbell, District Director of the Internal Revenue Service (IRS), to be due for the period January 1, 1969, through June 30, 1969.

On June 11, 1969, a search warrant was obtained by Eldrin Malone, Special Agent for the Federal Bureau of Narcotics, to search the premises located at 4205 and 4207 Oakland Avenue, Dallas, Texas, on the grounds that narcotics and drugs were being concealed therein. Pursuant to the search warrant, officers of the Federal Bureau of Narcotics and Dangerous Drugs, Dallas County Sheriff's Department, and City of Dallas Police Department searched the designated premises, arresting Elzie Clark and seizing a substantial amount of personal property belonging to Plaintiffs Clark and Stovall. The property was taken and stored in the Sheriff's storeroom.

A few days later Defendant Campbell, by letter dated July 14, 1969, notified Clark that his taxable year was immediately terminated pursuant to Section 6851 of the 1954 Internal Revenue Code and that income taxes for that period were due and payable. The letter demanded prompt payment of taxes due.

Subsequently, the IRS served notices of levy on the Mercantile National Bank of Dallas, Liberty National Bank of Dallas, Sheriff's Department of Dallas County, and Mr. Speer, Regional Director of the Federal Bureau of Narcotics and Dangerous Drugs, informing them that Clark owed taxes in the sum of $104,697.20 requesting that all monies and property held in Clark's name should be applied as payment on the unpaid taxes.

On the following dates the IRS made collections which were applied to the tax liability of Clark:

| July 16, 1969 | $28,084.51 |
| July 29, 1969 | 4,413.03 |
| Aug. 21, 1969 | 9,001.00 |
| Aug. 27, 1969 | 20,500.00 |

Notices of levy were also posted July 15, 1969, on tracts of real estate allegedly owned by Clark.

Plaintiffs instituted this action on November 10, 1969, seeking to enjoin the collection of taxes and to remove clouds on title to real property.

After the filing of this suit, the District Director presented his report to Elzie Clark which reflected an over-assessment in taxes of $53,701.55.

Jurisdiction for this suit is based on 28 U.S.C.A. § 1340 and Section 6213 of the Internal Revenue Code. 26 U.S.C.A. § 6213. Plaintiff relies primarily on Section 6213 which states in pertinent part:

"Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the de-

ficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day . . . period . . . . *notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.*" (Emphasis added)

██ Plaintiff's first contention is that the Director's termination of Clark's taxable year was done at the request of law enforcement officers for the purpose of harassing and punishing Clark. He also challenges the facts upon which the Director made his findings. Plaintiff seeks to fall within the decisions in Rinieri v. Scanlon, 254 F. Supp. 469 (S.D.N.Y.1966) and United States v. Bonaguro, 294 F.Supp. 750 (E.D.N.Y.1968) in which both courts stated that the IRS had not made findings to protect a revenue interest but were guilty of making a "colorable use of forms" at the request of another agency. The Court is not persuaded by the argument of Plaintiff's counsel and chooses to adhere to the general rule that courts will not inquire into the circumstances surrounding the Director's determination of jeopardy. Lloyd v. Patterson, 242 F.2d 742 (5th Cir. 1957). The mere fact that Clark has a long list of arrests does not establish that any actions taken by the IRS were for purposes other than protection of revenue interest. It is common procedure for the IRS to be notified when large quantities of goods thought to be stolen are seized. In these cases the IRS should be notified so that they can determine whether a jeopardy situation exists.

██ The Plaintiff's next contention is that in a case involving a jeopardy as-

sessment a deficiency notice must be sent pursuant to Section 6861 of the Internal Revenue Code, 26 U.S.C.A. § 6861. Plaintiff contends that Section 6851, which has been relied on in previous cases by the Government, does not authorize an assessment of taxes. The importance of a deficiency notice being sent lies in the fact that it is a jurisdictional prerequisite to the Tax Court for a redetermination of taxes assessed. Mason v. Commissioner of Internal Revenue, 210 F.2d 388 (5th Cir. 1954). Plaintiff asserts that he is entitled to a "ticket" to the Tax Court rather than seek a redetermination in a tax refund suit.

The IRS's position in this case is that neither Section 6851 nor 6861 provide the authority to make an assessment *for* a short-term year but rather assert that Section 6201 enables them to make an assessment. The IRS denies Clark is entitled to a deficiency letter. They argue that Plaintiff's only available remedy is by means of a refund suit.

Section 7421 of the Internal Revenue Code is advanced by the Government as a jurisdictional bar to hearing and rendering a decision in this case. Section 7421 provides in part:

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C.A. 7421(a).

This section would constitute a bar if the IRS is correct in maintaining that 6201(a) confers assessment power in a jeopardy case involving a short taxable year. Section 6201(a) provides that:

"The Secretary or his delegate is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which

have not been duly paid by stamp at the time and in the manner provided by law." 26 U.S.C.A. 6201.

Plaintiff seeks to establish Section 6861[1] as the proper statute authorizing an assessment for a taxable year, terminated pursuant to Section 6851. Plaintiff relies primarily on the case of Schreck v. United States et al., 301 F. Supp. 1265 (D.Md.1969).

The *Schreck* case involves a situation almost factually identical to the present action.

Schreck was notified, in exactly the same manner as Clark, of the termination of his taxable year pursuant to Section 6851. The IRS immediately levied on all the assets of the taxpayer. Thereafter, a suit was filed to enjoin the collection of the taxes.

The government sought to have the case dismissed for lack of jurisdiction, citing Section 7421. Moreover, it was argued that Section 6851 conferred independent authority on the IRS to assess without sending a notice of deficiency. The Court in a very extensive analysis of the statutes and their legislative history concluded that the IRS was required to send the taxpayer a deficiency notice where a taxpayer's taxable year was terminated.

The Court noted that Section 274(a), predecessor of Section 6212(a) and

---

1. § 6861. Jeopardy assessments of income, estate, and gift taxes.

(a) Authority for making.—If the Secretary or his delegate believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary or his delegate for the payment thereof.

(b) Deficiency letters.—If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary or his delegate shall mail a notice under such subsection within 60 days after the making of the assessment. § 6861.

(c) Amount assessable before decision of Tax Court.—The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of section 6212(c) prohibiting the determination of additional deficiencies, and whether or not the taxpayer has theretofore filed a petition with the Tax Court. The Secretary or his delegate may, at any time before the decision of the Tax Court is rendered, abate such assessment, or any unpaid portion thereof, to the extent that he believes the assessment to be excessive in amount. The Secretary or his delegate shall notify the Tax Court of the amount of such assessment, or abatement, if the petition is filed with the Tax Court before the making of the assessment or is subsequently filed, and the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith.

(d) Amount assessable after decision of Tax Court.—If the jeopardy assessment is made after the decision of the Tax Court is rendered, such assessment may be made only in respect of the deficiency determined by the Tax Court in its decision.

(e) Expiration of right to assess.—A jeopardy assessment may not be made after the decision of the Tax Court has become final or after the taxpayer has filed a petition for review of the decision of the Tax Court.

(f) Collection of unpaid amounts.— When the petition has been filed with the Tax Court and when the amount which should have been assessed has been determined by a decision of the Tax Court which has become final, *then any unpaid portion, the collection of which has been stayed by bond as provided in section 6863(b) shall be collected* as part of the tax upon notice and demand from the Secretary or his delegate, and any remaining portion of the assessment shall be abated. *If the amount already collected* exceeds the amount determined as the amount which should have been assessed, such excess shall be credited or refunded to the taxpayer as provided in section 6402, without the filing of claim therefor. If the amount determined as the amount which should have been assessed is greater than the amount actually assessed, then the difference shall be assessed and shall be collected as part of the tax upon notice and demand from the Secretary or his delegate.

6213(a), listed the specific exceptions to the mailing of a deficiency notice prior to making an assessment. The pertinent part of 274(a) is set out below:

"* * * Except as otherwise provided in subdivision (d) or (f) of this section (§ 274) or in section 279, 282, or 1001, *no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final.* * * * (Emphasis added.)" 301 F.Supp. at 1272.

The predecessor of 6851 was not listed as one of these exceptions. However, the predecessor to 6861, Section 279, was listed as an exception.[2]

The Court reasoned that this Section evidenced the Congressional intent in 1926 to have all jeopardy assessments governed by Section 6861.

The IRS's reliance on Section 6201 in the present case presents a new wrinkle in jeopardy assessment cases. It appears that in prior cases the government has utilized Section 6851 to make assessments.[3] This was the argument of the Government in the *Schreck* case. The case at bar is dissimilar to *Schreck* in that here the IRS admits that Section 6851 does not grant independent assessment authority. The Court is concerned with the apparent lack of uniformity in the prior cases. This lack of conformity weakens the IRS's position in this case that they had utilized Section 6201 for "years". It demonstrates that the IRS has been inconsistent in its determination of the proper statute under which to proceed. The IRS, in support of its procedures, also relies on the decisions in *Ludwig Littauer & Company v. Commissioner*, 37 BTA 840 (1938) and *Williamson vs. United States*, et al., 69–2 USTC. *Littauer* and *Williamson* held that Section 6851 and not 6861 was the proper section to make an assessment for a short-term year, thus no deficiency notice was required to be sent to the taxpayer.[4]

These decisions turned on the determination that Section 6861 only pertained to deficiencies as that term is defined in Section 6211, Title 26, United States Code Annotated. They further held that no deficiency is created pursuant to Section 6851, as a deficiency can only exist at the close of the normal tax period. Section 6211, 26 U.S.C.A. § 6211, defines deficiency as

". . . the amount by which the tax imposed by subtitles A or B exceeds the excess of—

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus

(B) *the amounts previously assessed* (or collected without assessment) as a deficiency, over—

(2) the amount of rebates, as defined in subsection (b) (2), made." (Court's emphasis.)

This definition, read in conjunction with Treasury Regulation § 301.6211–1(a),[5] as pointed out in Schreck, "would

---

2. "If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, *he shall immediately assess such deficiency* (together with all interest, additional amounts, or additions to the tax provided for by law) *and notice and demand shall be made* by the collector for the payment thereof. (§ 279(a), Revenue Act of 1926; emphasis added)." 301 F.Supp. at 1272.

3. *See* Schreck v. United States et al., 301 F.Supp. 1285, for an analysis of the IRS's position in previous cases.

4. The *Williamson* case accepted in toto the reasoning set forth in *Littauer*.

5. If no return is made . . . for the purpose of the definition "the amount shown as the tax by the taxpayer upon his return" shall be considered as zero.

seem [to be] broad enough to cover assessments made for a short year, whether or not a return is filed." 301 F.Supp. at 1277. The amount assessed after the year is terminated would constitute a "deficiency".

The stated purpose of a jeopardy assessment is "to assure that the interests of the Government are protected".[6]

If the Court allows Plaintiff's ticket to the Tax Court, it will not defeat the Government's purpose because they can seize, levy, and collect under Section 6861.[7]

The Tax Court was established as a non-prepayment forum to review the validity of tax assessments. This provided the taxpayer with an opportunity to have his taxes redetermined without first paying the determined taxes. It

does not follow that a taxpayer who has had taxes assessed for a short year period should not be afforded the same opportunity to question the validity of his tax liability as a taxpayer for a full year.

If the Court accepted the IRS's position and held that a short term taxpayer was not entitled to have his taxes determined, serious constitutional problems would be presented.[8]

■ The Court is of the opinion, and so holds, that Section 6861 governs assessments of taxes for a short year period. Therefore, the IRS must send to Clark a deficiency letter or an injunction will issue under Section 6213(a) prohibiting the Government from continuing in force and effect its assessment and levy.[9]

---

Accordingly, in any such case, if no deficiencies with respect to the tax have been assessed, or collected without assessment, and no rebates with respect to the tax have been made, the deficiency is the amount of the tax imposed by (the income, estate or gift tax laws).

6. *See* Rev.Proc. 60–4

Sec. 4. Collection Action in Jeopardy Cases.

A jeopardy assessment is made to assure that the interests of the Government are protected. A notice and demand is promptly issued and delivered to the taxpayer. If payment is not made, notices of federal tax lien are immediately filed in the proper jurisdictions. Whether the property of the taxpayer is immediately levied upon will depend upon the type of property involved and the conditions existing in each particular case. If it is determined that the filing of the notices of federal tax lien will not provide the degree of protection necessary to insure that the taxpayer will not dispose of, dissipate, or secrete certain types of personal property, prompt action is initiated to levy on such assets.

7. The IRS has recognized that the same collection procedures should be followed for 6851 and 6861 cases.

Section 1. Purpose.

The purpose of this Revenue Procedure is to set forth the procedures of

the Internal Revenue Service relative to the processing and authorization of jeopardy assessments.

Section 2. Definitions and Approval.

.01 All jeopardy assessments have the common characteristic that collection of tax will be endangered if regular assessment and collection procedures are followed. Jeopardy assessments are made under section 6861 or 6862 of the Internal Revenue Code of 1954 and include tax deficiencies, additions thereto and appropriate interest.

.02 While assessments under section 6851 of the Code, relating to quick departure from the United States or other means to avoid payment of income tax, are not in a technical sense jeopardy assessments, the procedure set forth herein shall also apply to assessments made under that section on current returns and assessments involving termination of taxable periods (except departing aliens). Rev.Proc.

*See also* subsection (f) of 6861.

8. *See* Discussion in Schreck, 301 F.Supp. at 1281–1283.

9. Although the tax liability determined to be due for the short year has been satisfied and there exists a credit of $3,609.39, it could possibly take an additional two years before the IRS determines a final deficiency and a refund suit could be resolved.