Charles R. RAMBO, Plaintiff,

v.

UNITED STATES of America and Robert J. Dath, District Director of Internal Revenue for the District of Kentucky, Defendants.

Civ. A. No. 7370-A.

United States District Court, W. D. Kentucky, Louisville Division.

Sept. 20, 1972.

Michael J. Clare, David W. Gray, Louisville, Ky., for plaintiff.

George J. Long, U. S. Atty., Louisville, Ky., Richard F. Mitchell, Tax Div. Dept. of Justice, Washington, D. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND OPINION

ALLEN, District Judge.

This action is submitted to the Court for a decision following an evidentiary hearing. It is basically a suit seeking an injunction prohibiting the United States from collecting an assessment against plaintiff of federal income taxes, and more specifically to enjoin the sale of certain properties seized by the government, as well as the return to him of his property.

On April 24, 1972, the District Director of Internal Revenue for the District of Kentucky wrote plaintiff notifying him that the Director found him to be involved in illicit drug activities, thereby tending to prejudice or render effective collection of income tax for the period January 1, 1972 through April 24, 1972. The letter further recited that the District Director, under authority of Section 6851 of the Internal Revenue Code and Regulations, declared the taxable period January 1, 1972 through April 24, 1972 immediately terminated and the income tax for such period immediately due and payable. Demand was made for the immediate payment of $28,-446.88.

Taxpayer plaintiff was advised that he was required to file a return for the terminated taxable period, as well as a final return by April 15, 1973. A formal notice was attached to the letter. The plaintiff did not file a return for the terminated period, whereupon the defendants seized three automobiles belonging to the plaintiff and impounded a bank account at the Liberty National Bank in his name in the amount of $12,-661.25. A notice of lien was filed as to real estate and improvements owned by him and his wife at 10506 Bruners Way, Jeffersontown, Kentucky.

Public auction sale was scheduled for September 14, 1972, of the three automobiles which comprised the entire automotive property belonging to the plaintiff. Plaintiff was arrested on April 6, 1972, by the local police while operating one of his motor vehicles. Police found in the trunk of his car an amount of tranquilizers which plaintiff described as possibly sufficient to fill a brief case, and found on the person of the plaintiff $2,200 in cash. Following this seizure, the plaintiff has been confined to the Jefferson County Jail, having received two consecutive one year sentences for violation of the terms of his probation, which had been imposed on him in 1968 when he was convicted of a misdemeanor. That misdemeanor conviction was on a charge of being an accessory to an attempted abortion and another charge of being in possession of dangerous drugs.

Plaintiff contends that the only income he has received for 1972 is for per-

sonal services in the amount of $1,500. Cross-examination reveals that the personal services were furnished to a company which plaintiff admits is associated with the sale of illegal drugs. He states that his role was that of a purchaser of chemical compounds and that he merely acted as a conduit for the passage of these compounds from the seller to the Babylon Company, which in turn paid plaintiff for his procuring the chemicals. Plaintiff contends that as to the $2,200 which was on his person at the time of his arrest, some of this was inherited money from his father's estate and the balance represented sums advanced to him by Babylon for the purchase of chemical compounds to complete an order. He admits that at the time the order was completed he knew that Babylon was engaged in the business of selling illegal drugs.

The plaintiff in this action relies strongly upon the very excellent and comprehensive opinion of District Judge Frank A. Kaufman in the case of Schreck v. United States, 301 F.Supp. 1265 (D.C.Md.1969). In that case the Internal Revenue Service (IRS) sent Schreck a letter advising him that, acting under Section 6851 of the Internal Revenue Code, the IRS had terminated his taxable year as of October 25, 1967, and that his income tax for the short taxable year of January 1, 1967 to October 25, 1967, was immediately due and payable. Schreck was notified that the tax due for that period was $20,730 and that demand was made for the immediate payment of those taxes. The day after the notice and demand letter, a notice of federal tax lien was filed by the IRS against Schreck. That notice stated that it was based on the assessment of November 8th. Also, on November 9th, a notice of levy was filed by the IRS stating that it was based on the November 8th assessment and was served on the District Director of Internal Revenue for the District of Maryland who had in his possession $13,749.-35 in cash which had been seized from Schreck by federal agents on the preceding October 23rd.

Judge Kaufman held that proper construction of 26 U.S.C. §§ 6851, 6861 and 6213(a) requires the government to send a deficiency notice in connection with a truncated year and that the government's refusal to do so entitled the taxpayer to obtain injunctive relief in the district court under Section 6213(a).

Judge Kaufman's opinion is so comprehensive that this Court sees nothing to be gained by setting out in detail his views as to the interpretation of the relevant statutes and their meaning within the framework of Internal Revenue law. Suffice it to say that the opinion of Judge Kaufman takes up each point which is raised here by the government with the exception of the contention that 26 U.S.C. § 6201 authorizes the assessment of taxes in the instant case and, therefore, is a bar to the Court issuing an injunction. This Court agrees thoroughly with Judge Kaufman's opinion that 26 U.S.C. § 6851 contains no assessment provisions within its bounds. The Court also agrees with Judge Kaufman's conclusions that in a Section 6851 short year case, the taxpayer is entitled to the protections afforded by Section 6861. These four protections are as follows:

1. The IRS is required to send a deficiency notice within 60 days after the assessment, thus enabling the jeopardy taxpayer to litigate in the Tax Court. Section 6861 (b). If the IRS does not comply with this requirement, the assessment and levy or seizure may be enjoined by the federal courts. Section 6213(a). United States v. Ball, 326 F.2d 898 (4th Cir. 1964).

2. The jeopardy taxpayer can stay all collection action pending the Tax Court's decision if he is able to post an adequate bond. Section 6863(a).

3. The property seized pursuant to the assessment may not, in general, be sold during the pendency of the litigation in the Tax Court. Section 6863(b)(3)(A).

4. IRS may abate the jeopardy assessment if it finds that jeopardy does not exist. Section 6861(g).

As pointed out by Judge Kaufman, these procedural safeguards may or may not give real protection to a taxpayer who has been subjected to an erroneous assessment and seizure. To a taxpayer who does not have assets far in excess of the assessment, the right to file a bond is an illusory remedy and, as to one whose entire assets have been seized pursuant to the assessment, it would seem to be mere mockery. See Kimmel v. Tomlinson, 151 F.Supp. 901 (D.C. S.D.Fla.1957).

In the instant case, the government has assessed a tax in excess of the net estate of the plaintiff. While the real estate belonging to the plaintiff and his wife has not been sold, it is subject to a federal tax lien and it is obvious that under the circumstances in this case, the right to file a bond is without meaning to the plaintiff and cannot be accomplished.

■ Also, as Judge Kaufman points out, where property is physically seized and applied to a jeopardy assessment by the IRS, the taxpayer cannot bring a refund suit unless the value of the seized property is at least as great as the amount of the assessment. Otherwise the taxpayer is barred by the full-payment rule of Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). In the instant case the value of the property seized by the government does not appear to be as great as the amount of the assessment and, therefore, the taxpayer would be barred from filing his refund suit in the district court.

Finally, as Judge Kaufman points out on page 1281, if the Court were to hold that IRS has the right to seize and sell all of a person's property with no corresponding right to the taxpayer to institute any court proceeding, for perhaps longer than three years, in which to litigate the validity of the underlying assessment and seizure, while all jeopardy income taxpayers other than short-year jeopardy income taxpayers have the right to begin a judicial proceeding within sixty days of the assessment, it would raise serious constitutional questions of equal protection and due process. As Judge Kaufman stated on pages 1283 and 1284, there is nothing in the legislative history of the relevant statute or any other reason which compels the court to face head-on the constitutional issues which would be raised if the government's contentions with regard to Section 6851 were accepted.

In addition to Schreck v. United States, supra, this Court is persuaded by the decision Clark v. Campbell, 341 F.Supp. 171 decided by District Judge Taylor in the United States District Court for the Northern District of Texas, Dallas Division (1972). In that case a search warrant was obtained to search certain premises in Dallas on the grounds that narcotics and drugs were being concealed therein. Pursuant to the search warrant, a search was made, the taxpayer was arrested and a substantial amount of personal property belonging to him was seized. By letter dated July 14, 1969, the District Director notified Clark that his taxable year was immediately terminated pursuant to Section 6851 U.S.C. 26, and that income taxes were due and payable. Subsequently, the IRS served notices of levy on various banks and on the Regional Director of the Federal Bureau of Narcotics informing them that Clark owed taxes in the amount of $104,697.20. Various collections were made during the six weeks following the letter of demand, amounting to approximately $62,-000.

When the taxpayer brought a suit seeking to enjoin the collection of taxes and to remove clouds on title to real estate on which notices of levy had been posted, the district court held that the government's contention that Section 6201(a) confers assessment power in a jeopardy case involving a short-taxable year was without merit. The court then went on to cite the *Schreck* case and to

agree with Judge Kaufman that IRS must follow the procedures set out in Section 6861 after making an assessment under Section 6851. An order was entered stating that IRS was required to send a deficiency letter or, in the alternative, an injunction would issue prohibiting the government from continuing in force and effect its assessment and levy.

The government, in the case at bar, relies upon Ludwig Littauer and Company, 37 B.T.A. 840, appeal dism. 1968 CCH 63,018, 1968 P–H 37,610 (2nd Cir. 1938) and Puritan Church—The Church of America, et al, 10 T.C.M. 485, 494 (1951), aff'd per curiam sub nom, 93 U.S.App.D.C. 129, 209 F.2d 306 (1953). While the reasoning of *Littauer* and *Puritan Church* support the government's position, this Court prefers to follow the reasoning of Judge Kaufman in *Schreck* and Judge Taylor in *Clark*.

In conclusion, plaintiff is entitled to a preliminary injunction enjoining the defendants, their agents and employees from holding the sale scheduled for September 22, 1972. Because of the shortness of time, the Court has prepared a preliminary injunction in accordance with this opinion.