William **SCHRECK**

v.

**UNITED STATES of America.**

Civ. No. 20236–K.

United States District Court,
D. Maryland.

Dec. 19, 1973.

Marvin J. Garbis, Baltimore, Md., for plaintiff.

Richard F. Mitchell, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., Paul R. Kramer, Deputy U. S. Atty., Baltimore Md., for defendant.

FRANK A. KAUFMAN, District Judge.

■ This case was instituted in December, 1968 and grew out of a jeopardy assessment and a pre-*Marchetti-Grosso* search and seizure.[1] On June 30, 1969, this Court filed herein an opinion in Schreck v. United States, 301 F.Supp. 1265 (D.Md.1969). Thereafter, various delays occurred, some sought by the private litigants in this and other cases pending in this Court in which similar issues are present, some by the Government, and some by both sides as during a period when both sides asked this Court to await the Supreme Court's opinion in United States v. Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). Other delays followed during which full settlement was unsuccessfully attempted and during which certain partial settlement discussions as to which of the seized items constituted contraband took place. Also, on August 30, 1971, the Government filed a motion for reconsideration of the views expressed and the holding stated by this Court in 301 F.Supp. 1265, *supra.* In connection with that motion, the Government stated that it had erred in originally contending in this case that its assessment authority existed pursuant to Section 6851 rather than 6201(a) of the Internal Revenue Code and that pursuant to its exercise of that authority under Section 6201(a), it was not required to give a deficiency notice to the taxpayer. The Government also contends in support of its said motion to reconsider that this Court erred in concluding at 301 F.Supp. at 1281, *supra* that the bar of Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), precluded Schreck from instituting a taxpayer's refund suit in a federal district court and from presenting therein the merits of his contentions as to his tax liability, or lack thereof, for the full calendar year 1967. The Government's motion to reconsider raises serious issues and is accordingly hereby granted. However, upon reconsideration, this court hereby reaffirms its holdings in 301 F.Supp. 1265, *supra* that the Government's assessment and levy discussed in that opinion were invalid until the deficiency notice was given by the Internal Revenue Service. That notice was in fact given on April 14, 1971, one day before the lapse of the three-year period following the day Schreck filed a tax return for the full calendar year 1967 [2]— and thus one day before the last day upon which, in accordance with the Government's position in this case, the Government was required to present a deficiency notice to Schreck.[3]

■ In a number of cases decided prior to this Court's opinion in 301 F. Supp. 1265, *supra,* the Government bottomed its short-year jeopardy assessment authority upon Section 6851.[4] In Lisner v. McCanless, 356 F.Supp. 398, 399 (D.Ariz.1973), the Court noted the Government's original reliance in that case upon Section 6851 and its abandonment of that Section "in favor of section

1. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) ; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), discussed in Silbert v. United States, 282 F.Supp. 635 (D.Md.1968), and 289 F.Supp. 318 (D.Md.1968). *See* Schreck v. United States, 301 F.Supp. 1265, 1267 n. 1, and 1285 n. 33 (D.Md.1969).

2. Schreck filed that return on April 15, 1968.

3. 301 F.Supp. at 1280–1281, *supra.* Schreck, after the Government issued the deficiency notice on April 14, 1971, did institute a Tax Court suit. But the issue herein, i. e., whether the Government's assessment was invalid prior to April 14, 1971, is not moot because of a competing lien on the assessed property filed prior to that date by a third party.

4. *See* the discussion of the pre-1969 case law in Schreck v. United States, 301 F.Supp. at 1276–1278, *supra.*

6201(a)". The Court rejected the Government's argument as to Section 6201(a) as the Court in Clark v. Campbell, 341 F.Supp. 171, 175 (N.D.Tex. 1972), had previously done. However, to the contrary, *see* the Second Circuit's acceptance of the Government's Section 6201(a) approach in Irving v. Gray, 479 F.2d 20, (2d Cir. 1973), affirming 344 F.Supp. 567 (S.D.N.Y.1972).[5] Against that background, this Court continues to hold the same views as to the statutes involved as it set forth in its opinion in 301 F.Supp. 1265, *supra.*[6] Additionally, while this Court well notes the Second Circuit's statement in Irving v. Gray, *supra,* concerning the non-bar of the full payment rule of *Flora* and the Second Circuit's conclusion that this Court erred in that connection in its June, 1969 opinion, this Court continues to note the *jurisdictional* construction of 28 U.S.C. § 1346(a) set forth in the *Flora*

decision. But even if this Court did so err, the Government in this case has in any event always contended that all of the assessed property of Schreck is subject to forfeiture as contraband and that therefore none of that property qualifies, for purposes of maintaining a refund suit, as payment by the taxpayer of any of his tax liability.[7] In sum, this Court hereby reaffirms its earlier June, 1969 opinion and holds that the Government's assessment involved herein was invalid until April 14, 1971 and became valid only on that date. An order directing the distribution of the property held subject to that assessment is being entered at the same time as this opinion is being filed. The effect of that Order is hereby stayed until such date as the time for appeal in this case shall have expired, or if an appeal is taken, until a final Order is entered upon remand to this Court.

---

5. *And see* Williamson v. United States, 31 Am.Fed.Tax R.2d 73–800 (7th Cir. 1971), affirming 24 Am.Fed.Tax R.2d 69–5561 (N.D. Ill.1969) ; Parrish v. Daly, 350 F.Supp. 735 (S.D.Ind.1972). *See also,* Willits v. Richardson, 362 F.Supp. 456 (S.D.Fla.1973). *But see,* in apparent agreement with the *Lisner* and *Clark* views, Rambo v. United States, 353 F.Supp. 1021 (W.D.Ky.1972) ; and Odell, Assessments : What Are They— Ordinary, Immediate, Jeopardy, 31st Annual Institute on Federal Taxation of New York University, 1495, 1518–25 (1973). Further, *see* the suggestion that Section 6213 and not any of Section 6851, Section 6861 or Section 6201(a) is the source of the Government's *power to assess* cases for truncated tax years, Meyers, Termination of Taxable Year : Procedures in Jeopardy, 26 Tax L.Rev. 829, 838–46 (1971). Other references to this Court's opinion in 301 F.Supp. *supra* are set forth in Louis Vincent Musso, Jr. (T.C. Memo 1973–181) ; Charles P. Riley (T.C. Memo 1973–180) ; Nino Sanzogno, 60 T.C. No. 39, n. 2 (June 4, 1973).

6. It is not necessary for this Court to do more than note at this time the annualization problems discussed in Meyers, Termination of Taxable Year : Procedures in Jeop-

ardy, 26 Tax L.Rev. 829, 840–43 (1971) ; and Odell, Assessments : What Are They— Ordinary, Immediate, Jeopardy, 31st Annual Institute on Federal Taxation of New York University, 1495, 1522–25 (1973) ; or to discuss in detail the possibility that a deficiency notice need not be given by the Internal Revenue Service to a taxpayer, who has been subjected to a short-year assessment, until such taxpayer has filed one or more tax returns covering the entire year involved. *See* Judge Frankel's discussion in Irving v. Gray, 344 F.Supp. 567, 572 (S.D. N.Y.1972), and the suggestions discussed or implied in Odell, Assessments : What Are They—Ordinary, Immediate, Jeopardy, *supra* at 1522–23. *See also* Louis Vincent Musso, Jr. (T.C. Memo 1973–181) ; Charles P. Riley (T.C. Memo 1973–180) ; Willits v. Richardson, 362 F.Supp. 456, 460 (S.D.Fla. 1973). *And see* Meyers, Termination of Taxable Year : Procedures in Jeopardy, supra.

7. *See* Schreck v. United States, 301 F.Supp. at 1281, *supra. See also* Rambo v. United States, 353 F.Supp. 1021 (W.D.Ky.1972). *Cf.* Miskovsky v. United States, 414 F.2d 954 (3d Cir. 1969).