Walter L. HARRIS, Plaintiff,

v.

UNITED STATES of America et al., Defendants.

Civ. A. No. 6–70458.

United States District Court, E. D. Michigan, S. D.

April 26, 1976.

Gary Pollack, Detroit, Mich., for plaintiff.

Samuel M. Teel, Jr., U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendants.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a taxpayer suit to enjoin the United States' continued retention of funds seized in satisfaction of a series of jeopardy assessments issued under 26 U.S.C. § 6851. In 1973 and early 1974, the Internal Reve-

nue Service (IRS) on three separate occasions terminated taxpayer's 1973 and 1974 tax years and assessed and seized some $120,000 of taxpayer's money. Because taxpayer was not issued within 60 days of the assessments statutory notices of deficiency which would permit him to contest their legality in the Tax Court, he now seeks a return of his money via this suit and a motion for preliminary injunction now before the court.

■ A taxpayer subjected to a short-term jeopardy assessment may seek injunctive relief in the district court to enjoin collection or levy until a statutory notice of deficiency has been mailed. 26 U.S.C. §§ 6213(a), 7421(a); *Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976). Plaintiff urges that under *Laing*, the IRS' failure to issue the statutory notice in conformance with 26 U.S.C. § 6861 requires return of his money. The court disagrees. *Laing* nowhere explicitly answers the question whether a taxpayer in plaintiff's situation is entitled to a return of his funds for the government's failure to issue the statutory notice.

The most common form of relief given in a case where a taxpayer subjected to a jeopardy assessment has not been given the required notice of deficiency has been the issuance of an injunction preventing the government from continuing the assessment and levy, or making a new assessment, unless it promptly sends the deficiency notice. *See Clark v. Campbell*, 501 F.2d 108 (5th Cir. 1974); *McGee v. United States*, 380 F.Supp. 801 (D.Ind.1974); *Williams v. United States*, 373 F.Supp. 71 (D.Nev.1973); *Lisner v. McCanless*, 356 F.Supp. 398 (D.Ariz.1973); *Schreck v. United States*, 301 F.Supp. 1265 (D.Md.1969).

■ In this case, the government tendered a notice of deficiency at the hearing on the motion for a preliminary injunction. The government has also indicated that a statutory notice of deficiency was mailed to the taxpayer at his last known address on April 12, 1976 and that IRS is making a new jeopardy assessment against the taxpayer for 1973–74 and intends to abate the previous assessments and to credit the amounts collected thus far to the new jeopardy assessment. Under these circumstances, issuance of the statutory notice moots taxpayer's claim for return of the money seized for the government's non-compliance with section 6861. *See Schreck v. United States*, 375 F.Supp. 742, 744 (D.Md.1973); *Williams v. United States, supra*, at 81. To grant injunctive relief for the return of money collected under an invalid assessment where taxpayer is liable for taxes later validly assessed would be improvident.

■ In addition, to order return of the money seized now would conflict with the general policy which mandates that a taxpayer file an administrative claim for refund prior to initiation of suit for refund in the district court. *See* 26 U.S.C. §§ 6532(a)(1), 7422(a). *Williams v. United States, supra*, at 82. As a general rule, whether the alleged error in assessment and collection was substantive or procedural, claims for refund of monies illegally or erroneously assessed are subject to sections 7422(a) and 6532(a)(1). *See Clement v. United States*, 472 F.2d 776 (1st Cir.), *cert. denied*, 414 U.S. 864, 94 S.Ct. 115, 38 L.Ed.2d 85 (1973).

Since plaintiff has filed a claim for refund for the year 1973, the government has agreed to treat his claims for money seized in that year under section 7422(a). The court has jurisdiction to hear this claim, and leave to amend the complaint to make an appropriate allegation toward that end is granted. As to plaintiff's claims for return of money seized in 1974, a year in which plaintiff made no claim for refund, issuance of the deficiency notice moots the claim for return of money based upon IRS' non-compliance with section 6861, and the court is without jurisdiction to order return of the money except in the context of a tax refund suit. Plaintiff may test the legality of the 1974 assessment before the Tax Court, or, at a later date, amend the complaint to request a refund for 1974 after filing an

administrative claim. Plaintiff's motion for a preliminary injunction is denied.

So ordered.