**Emil M. WAHLER, Plaintiff,**

v.

**Charles A. CHURCH, Director of Internal Revenue for the District of Brooklyn, Defendant.**

**Civ. A. No. 66-C-65.**

United States District Court
E. D. New York.

April 7, 1966.

Howard H. Stone, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. of New York, for defendant.

Julius Zizmor, New York City, for cross-claim defendant, Sol Meisels.

MISHLER, District Judge.

Plaintiff, Emil M. Wahler, moves for a "temporary restraining order" enjoining defendant from any and all action in the enforcement or collection of taxes or penalties assessed against him during the pendency of this action. Defendant moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure for an order striking that part of the complaint herein which prays for a temporary restraining order; defendant likewise opposes the instant motion.

Plaintiff was Secretary-Treasurer of the Arlington Blower Corporation (Arlington) during the third and fourth quarters of 1963; said corporation went out of business in January of 1964. Arlington failed to pay over to the United States taxes withheld from wages of its employees for the aforesaid calendar quarters. As a result of said failure, a 100 per cent penalty assessment, in the amount of $19,142.93, was made, in the alternative, against plaintiff and the President of Arlington, pursuant to I.R. C. of 1954, § 6672; said assessment was made on or about September 7, 1965. On October 14, 1965, plaintiff drew and mailed two checks, in the amount of $5.00 each, to the Internal Revenue Service; said checks represent amounts equal to employee withholding taxes required to be collected by the Corporation under sections 3402 and 3102(a) of the Internal Revenue Code of 1954 for one employee for each of the two calendar quarters in issue. Thereafter, and on October 18, 1965, plaintiff filed separate claims for refund. On December 16, 1965, defendant levied on plaintiff's salary at his present place of employment; said payments commenced on January 1, 1966. Subsequently, and on or about December 23, 1965, plaintiff received a notice of disallowance in full of the claimed refund;

and on January 25, 1966, plaintiff instituted the instant action. He asks the following relief:

1. That he be awarded judgment in the amount of $10.00, in addition to recovery of the semi-monthly payments made pursuant to the levy on plaintiff's salary, plus interest;

2. That a restraining order enjoining defendant from continuing to enforce or collect said penalties during the pendency of this action issue;

3. That plaintiff be granted a permanent injunction enjoining defendant from continuing to enforce or collect said penalties; and

4. That defendant be ordered to release any and all liens and levies against plaintiff or his property arising from the enforcement of said penalties.

In support of his motion, plaintiff argues that the penalty assessment is illegal, improper and arbitrary; that there exists no competent factual basis for the assessment against plaintiff; that plaintiff is not financially able to satisfy the penalties (Complaint, ¶ 11(e); Affidavit in Support of Motion p. 2); that if plaintiff could satisfy said penalties, he could do so only at his peril since he could not seek contribution from the President of Arlington due to the form of the assessment (Complaint, ¶ 11(e); Affidavit in Support of Motion, p. 2); that plaintiff will sustain immediate and irreparable injury if said levy is to continue due to his limited income, lack of assets and heavy financial obligations (Complaint, ¶ 12; Affidavit in Support of Motion, p. 2).

■ Section 7421(a) of the Internal Revenue Code of 1954 prohibits all suits "for the purpose of restraining the assessment or collection of any tax;" and the fact that assessments under section 6672 are in the nature of a penalty does not bring such without the scope of section 7421(a). See Int.Rev.Code of 1954, § 6671(a); Botta v. Scanlon, 1963, 2d Cir., 314 F.2d 392.

■ Plaintiff recognizes that section 7421(a) is applicable, but argues that the

instant case falls within the standard established by the Supreme Court in Enochs v. Williams Packing & Nav. Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, rehearing denied, 370 U.S. 965, 82 S.Ct. 1579, 8 L.Ed.2d 833. The Court there declared: (Id. at 7, 82 S.Ct. at 1129)

> The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case [Miller v. Standard Nut Margarine Case] [284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422.], the attempted collection may be enjoined if equity jurisdiction otherwise exists.

And a showing of irreparable injury is insufficient to overcome the barrier established by section 7421(a). To prevail, therefore, plaintiff must show (1) that he has no adequate remedy at law, and (2) that under no circumstances would the Government ultimately prevail.

█ █ Plaintiff has failed to sustain the burden imposed. Assessments made pursuant to section 6672 are divisible, i. e., plaintiff

> "may pay to the Director of Internal Revenue the penalties equal to the amount of the taxes due for one or more individual employees and for each of the quarters here in question. They may then file with the Commissioner of Internal Revenue a claim for refund and therein request a determination of the legality of the assessment, the amount thereof, and their liability therefor. If the claim for refund is denied there is available to the plaintiffs an adequate remedy under Section 7422 of the Internal Revenue Code

* * *." Ruby v. Mayer, 1961, D.N. J., 194 F.Supp. 594, 598; Heller v. Scanlon, 1961, E.D.N.Y., 196 F.Supp. 832.

Institution of such suit for refund serves as a means of settling the question of the right of the Government to have made the penalty assessment against the plaintiff personally under the circumstances involved. Steele v. United States, 1960, 8th Cir., 280 F.2d 89. Plaintiff has followed the procedure outlined and, accordingly, has an adequate remedy at law, see Sherwood v. Scanlon, 1962, E.D. N.Y., 207 F.Supp. 686; and plaintiff may apply for a calendar preference if he determines that he would be prejudiced by delay. See Heller v. Scanlon, supra.

█ With respect to the second part of the burden, plaintiff must show that "under a view of the law most favorable to the government, it cannot establish its claim," Botta v. Scanlon, supra 314 F.2d at 394; and "[n]o more is required of the government than that it act in good faith." Id. at 394. To substantiate this portion of his burden, plaintiff argues that he was not the responsible party chargeable under section 6672; that even if he was, he did not "willfully" fail to collect or truthfully account for or pay over such tax. These bare allegations are insufficient under the *Enochs* test; and plaintiff has failed to show that the Government did not act in good faith when making the assessment in issue. Ibid.

█ Plaintiff's motion is denied; defendant's motion to strike the prayer for a restraining order during the pendency of this action is granted since such a prayer is surplusage and therefore "immaterial" [Rule 12(f)]. The entitlement to such relief does not depend on its request in the prayer for relief.

The Wherefore clause on p. 4 of the complaint and the next two (2) paragraphs, one beginning with the word "Fixing" and the other "Directing" is stricken.

Settle order on two (2) days notice.