Saul **SIPKOFF**, Plaintiff,

v.

Alfred L. **WHINSTON**, District Director, Internal Revenue Service, Defendant.

Civ. No. 72-582.

United States District Court, M. D. Pennsylvania.

Jan. 4, 1973.

Patrick H. Mulvany, York, Pa., for plaintiff.

S. John Cottone, U. S. Atty., Scranton, Pa., Fred D. Scott, Jr., U. S. Dept. of Justice, Washington, D. C., for the Government.

SHERIDAN, Chief Judge.

The United States of America has moved to dismiss plaintiff's complaint for a preliminary injunction.[1]

Plaintiff seeks to enjoin the defendant from levying on his assets until plaintiff's claim for a refund has been determined. On September 18, 1972, plaintiff was assessed a 100% penalty of $8,330.39 for the alleged willful failure to remit income and FICA withholding taxes from employees of Wilkay, Inc. for the final quarter of 1969 and for January 1970. On September 28, 1972, plaintiff payed to defendant $250.00, as payment for the taxes due for one employee for the periods in question, and filed a claim for a refund of that amount. Plaintiff argues that he is not the responsible "person" contemplated in Internal Revenue Code of 1954, Section 6671(b), and that failure to comply with the Code was not due to any "willfulness" ·on his part, pursuant to Internal Revenue Code of 1954, Section 6672.

The United States of America moved to dismiss on the ground that not only has the United States not waived its sovereign immunity, but there is a specific statute prohibiting this suit.

"Except as provided in sections 6212(a) and (c), 6213(a), and 7426 (a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. Int.Rev.Code Section 7241(a) [7421(a)], (Nov. 1966), amending Int. Rev.Code of 1954 Section 7421(a)."

Plaintiff was the president of Wilkay, Inc., Littlestown, Pennsylvania. He alleges he is not the person responsible for payment of the tax, but that the bookwork, accounting and the handling of the payroll account were managed by other corporate officials. Plaintiff contends a levy on his property will result in his insolvency. Besides possible loss of home, automobile and other property, he would also lose his business and job. Plaintiff says he cannot borrow the money to pay the tax because of the IRS assessment.

Plaintiff argues that Section 7421(a) is not applicable since he does not seek to permanently restrain the assessment or collection of the tax, nor to contest the merits of the assessment. He seeks to enjoin preliminarily the tax levy until a determination is made on his refund claim. The statute, however, makes no distinction between a temporary or permanent restraint, nor has the plaintiff cited or the court found any authority to support this contention. See, e. g., Wahler v. Church, E.D.N.Y. 1966, 260 F.Supp. 307; Cooper Agency v. McLeod, E.D.S.C.1965, 247 F.Supp. 57, in which actions for a temporary and preliminary injunction were dismissed.

Plaintiff contends if Section 7421(a) is applicable, the circumstances here come within the exception to the statute set forth in Miller v. Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and Enochs v. Williams Packing and Navigation Co., Inc., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292. In Miller, the Court found plaintiff's product not to be within the Oleomargarine Tax Act, and therefore held the tax was clearly illegal. The Court laid down two criteria to enjoin a

tax collection: ". . . in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector." p. 509 of 284 U.S., p. 263 of 52 S.Ct. In Enochs, the Court elaborated on the criteria established in Miller:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the *Nut Margarine* case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id., [284 U.S.] at 509, [52 S.Ct. at 263].

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. *Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed.* To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. . . ." pp. 7–8 of 370 U.S., p. 1129 of 82 S.Ct. (Footnote omitted.) (Emphasis supplied.)

The burden is on the plaintiff to demonstrate that this case comes within the narrow exception of Miller and Enochs.

Plaintiff has not met this heavy burden, and therefore the action must be dismissed.

Plaintiff's situation undoubtedly comes within the head of equity jurisprudence. At this time he lacks an adequate legal remedy. He must wait six months or until the Internal Revenue Service makes the refund determination before suit can be commenced. Internal Revenue Code of 1954, Section 6532(a)(1). A later suit for a refund would be inadequate after a loss of property and job. Irreparable harm alone, however, is not sufficient to overcome Section 7421(a). Plaintiff must also show the tax is clearly illegal. He acknowledges that he was the president of Wilkay's with certain responsibilities and privileges. He has not established under the Enochs test that "under the most liberal view of the law and the facts, the United States cannot establish its claim," i. e., the plaintiff, as president, was not the "person" within the meaning of Section 6671(b), and he did not willfully evade the tax, Section 6672. Galanti v. United States, D.N.J.1965, 244 F.Supp. 528; McCann v. United States, E.D.Pa.1965, 248 F.Supp. 585; Kelly v. Lethert, 8 Cir. 1966, 362 F.2d 629; Quinn v. Hook, E.D.Pa.1964, 231 F.Supp. 718, aff'd, 341 F.2d 920; Wahler v. Church, supra. Plaintiff cites Ruby v. Mayer, D.N.J.1961, 194 F.Supp. 594. Ruby, though on point, was decided prior to Enochs, in which the criteria established in Miller were more narrowly construed. The Government's claim must appear to be unfounded under the most liberal view of the law and facts. See Galanti v. United States, supra; 22 A.L.R.3d pp. 190, 191.

■ Plaintiff finally argues since he has paid $250.00, the amount of withholding tax owed for one employee, and has sued for a refund, the Government cannot prevail in its claim for full payment now. The Government's claim is therefore clearly illegal, and the Miller, Enochs exception applies. This contention is without judicial authority, and

directly contra to Congress' intent under Section 7421(a).

The procedure of part payment now, and a later decision on whether the refunding party is the "person" responsible for full payment under Section 6671(b), originated in Steele v. United States, 8 Cir. 1960, 280 F.2d 89. In Steele, however, Section 7421(a) was not in issue. The Court held that part payment and a present determination of liability was possible since the withholding taxes were divisible, and full payment was not necessary to sue for a refund. Later cases adopted this policy, and held an adequate legal remedy was available to the taxpayer, e. g., Wahler v. Church, supra; therefore, an injunction was not warranted. The Government usually counterclaimed for the total amount due when the taxpayer made partial payment and sued for the refund, e. g., Psaty v. United States, 3 Cir. 1971, 442 F.2d 1154. In this case, however, the Government has not counterclaimed, but, rather, seeks to levy on plaintiff's property for the full amount of the tax. The question therefore is squarely met, viz., in view of the time limitation and inadequacy of legal remedy, whether the Government's levy is clearly illegal because of past acquiescence in the part payment procedure.

Plaintiff seeks a refund determination on the $250.00 paid in, not on the total tax due. There is no statutory or judicial prohibition to prevent the Government from demanding full payment now in lieu of waiting for the refund decision. A levy can be made to secure payment for that portion of the unpaid tax. The withholding tax itself does not appear to be clearly illegal; but the immediate levy is questioned. In Phillips v. Commissioner, 1931, 283 U.S. 589, 51 S. Ct. 608, 75 L.Ed. 1289, in which the tax collection was not stayed pending review of the Commissioner's decision, the Court stated: ". . . As to the first of these objections, it has already been shown that the right of the United States to exact immediate payment and to relegate the taxpayer to a suit for re-

covery is paramount. The privilege of delaying payment pending immediate judicial review, by filing a bond, was granted by the sovereign as a matter of grace solely for the convenience of the taxpayer. . . ." pp. 599–600, 51 S.Ct. at p. 612. At best, if a levy is to be delayed pending a refund determination, it lies within the discretion of the Internal Revenue Service. The part payment procedure is not in lieu of nor within the exception of Section 7421(a).

The court recognizes the plight of the taxpayer in a case such as this. But until Congress gives the courts broader discretion, the court is without jurisdiction. Section 7421(a).

This memorandum shall constitute the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

The action will be dismissed.