ALAMOANA RECIPE INC., a Corporation, and ALAMOANA S. MULITAUAOPELE, Appellants

v.

AMERICAN SAMOA GOVERNMENT, UNITED STATES INTERNAL REVENUE SERVICE, WILLIAM M. MELENDEZ, Internal Revenue Officer, UNITED STATES DEPARTMENT OF THE TREASURY, and UNITED STATES DEPARTMENT OF THE INTERIOR, Appellees

High Court of American Samoa
Appellate Division

AP No. 18-93

November 15, 1993

Before RICHMOND, Associate Justice, CANBY,* Acting Associate Justice, MUNSON,** Acting Associate Justice, VAIVAO, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Appellants, Alamoana S. Mulitauaopele, Pro Se

---

* Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

** Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Marianas, serving by designation of the Secretary of the Interior.

For Appellees, Cheryl A. Quadlander, Assistant Attorney General, and Thomas J. Sawyer, Trial Attorney, Tax Division, U.S. Department of Justice

Order Denying Motion for Stay of Execution Pending Appeal, Dismissing Appeal, and Remanding Matter for Further Proceedings:

RICHMOND, Associate Justice:

■ On November 9, 1993, appellants filed a motion for a stay of execution pending appeal of the Trial Division's denial of a temporary restraining order. Appellants requested an expedited hearing. A.C.R. Rule 8(a) contemplates that an application for a stay must ordinarily be made in the first instance to the trial court. However, in view of the immediate availability of a full panel of judges for Appellate Division proceedings, an expedited hearing was granted and held on November 10, 1993, to entertain the motion.

This action concerns the assessment and collection of taxes imposed on employers and employees, in support of the federal Social Security program, under the Federal Insurance Contributions Act ("FICA"). It was filed by appellants on September 14, 1993, to obtain injunctive and monetary relief. In essence, appellants sought immediate release of existing levies on assets and permanent prevention of further such levies and closure of their business by appellees, in connection with assessment and collection of FICA taxes. They also claimed both compensatory and punitive damages with respect to these enforcement actions.

The Trial Division denied appellants' application for a temporary restraining order on September 16, 1993, and their motion for reconsideration of this denial on October 29, 1993. On November 9, 1993, appellants appealed these decisions and applied for a stay of execution, in effect an injunction during the pendency of appeal under A.C.R. Rule 8(a), to release existing levies and enjoin further levies.

■ Two factors are dispositive of appellants' motion and this appeal. First, the federal Anti-Injunction Act prohibits this court from restraining the assessment or collection of any federal tax. 26 U.S.C.A. § 7421(a). This limitation is applicable to the High Court of American Samoa. 26 U.S.C.A. § 876.

■ In no event, due to the Anti-Injunction Act, can either the Trial Division or the Appellate Division grant the temporary injunctive relief

47

sought by appellants. The Anti-Injunction Act was enacted to allow, with very narrow exceptions inapplicable to this case, "the United States to assess and collect taxes alleged to be due without judicial intervention . . . ." *J.L. Enochs v. Williams Packing and Navigation*, 370 U.S. 1, 7 (1962), *reh den* 370 U.S. 965 (1962). The Act is applicable to temporary, as well as permanent, pleas for injunctive relief. *Sipkoff v. Whinston*, 354 F. Supp. 683 (M.D. Penn. 1973). We cannot deal with any risk of harm pending a final decision in this case.

■ Second, the Trial Division holdings at issue are not appealable. These decisions only relate to a temporary restraining order, which by nature is based on an incomplete hearing process, is short-lived, and is subject to review at the hearing on the concurrent preliminary injunction request. A.S.C.A. §§ 43.1304 and 43.1305(a). Decisions on temporary restraining orders are only appealable when the evident risk of harm cannot be corrected by the preliminary injunction review, or when the decisions are effectively final dispositions of the case. See WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3914.3 at 522 (2d ed. 1992).

Clearly, the Trial Division's decisions are not a final disposition. Such a decision will not occur, at the earliest, unless and until the Trial Division grants appellee American Samoa Government's pending motion to dismiss for lack of jurisdiction. The other appellees have not yet joined in that motion, but they may do so before the hearing on it, scheduled for 9:00 a.m., on November 22, 1993.

We can understand appellants' perspective regarding the harshness of appellee United States Internal Revenue Service's FICA tax assessment and collection procedures in American Samoa. Apparently, this activity is managed by the Internal Revenue Service office at Hato Rey, Puerto Rico. Sheer distance, mail service delays, and lack of locally-maintained federal tax records and locally-stationed tax personnel, as examples, certainly can contribute to frustrating and unsatisfactory personal contacts and poor communications. Forums within the federal judiciary for such matters are inconveniently located.

However, under the restraint of the Anti-Injunction Act and given the nonappealability of the decisions at issue, appellants motion must be denied. Furthermore, this appeal must be dismissed, and the case must be remanded to the Trial Division to continue with the proceedings properly pending in that court.